United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30372
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

WALTER HOWARD,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana

--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:

    Walter Howard appeals the 120-month sentence he received
after pleading guilty to being a felon in possession of a
firearm, in violation of 21 U.S.C. § 922(g).  He contends that
the sentence is unreasonable.  Specifically, Howard argues that
he was incorrectly assessed an enhancement under the Armed Career
Criminal Act (ACCA) and U.S.S.G. § 4B1.4 when the Government
failed to give notice that it intended to seek such an enhanced
sentence.

Howard cites no authority, Fifth Circuit or otherwise, supporting his contention that the notice he received was inadequate. He was not entitled to any formal notice of the possibility of an enhanced sentence under the ACCA other than that required by due process. See § 924(e); § 4B1.4, comment.; cf. United States v. O'Neal, 180 F.3d 115, 125-26 (4th Cir. 1999) (stating that "[t]here is no requirement that the government list, either in the indictment or in some formal notice, the predicate convictions on which it will rely for a section 924(e) enhancement" but requiring notice sufficient to satisfy due-process concerns) (internal quotation marks and citation omitted).

Howard received adequate notice of the Government's intent to seek an enhanced sentence under the ACCA through the PSR, to which he objected in writing and at sentencing. Howard's argument that he received inadequate notice is therefore unavailing, and he has waived by failing to brief any argument otherwise challenging the correctness of the enhancement or the calculation of the guidelines.

Because the guidelines range was correctly calculated in the instant case, a sentence imposed within that range would have been presumptively reasonable. United States v. Alonzo, ___ F.3d ___, No. 05-20130, 2006 WL 39119 at *3 (5th Cir. Jan. 9, 2006). That being so, Howard cannot be heard to complain that the 120-month sentence imposed, which was below the correctly calculated

guidelines range and based on the district court's specific statement that the sentence should not exceed the 10-year maximum it advised him of at rearraignment, was unreasonable.[1]  See id.; see also United States v. Hardin, ___ F.3d ___, No. 05-50312, 2006 WL 162552 at **5-6 (5th Cir. Jan. 23, 2006).  Accordingly, the district court's judgment is

AFFIRMED.

---

[1]The Government does not challenge the reasonableness of downward departure in Howard's favor.