IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51087
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS NEVAREZ-PUENTES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1043-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luis Nevarez-Puentes appeals from his conviction of illegal reentry, in violation of 8 U.S.C. § 1326. He contends the determination of whether his prior offense of burglary of a vehicle constitutes a crime of violence under 18 U.S.C. § 16(b), so as to be considered an aggravated felony for guideline sentencing, violates the Sixth Amendment, Separation of Powers doctrine, and Due Process Clause. The Government moves for summary affirmance of the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 16(b) provides, in relevant part: "The term 'crime of violence' means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense". A district court makes a legal determination, not a factual finding, when it decides whether an offense is a crime of violence; there is no Sixth Amendment violation. See James v. United States, 127 S. Ct. 1586, 1600 (2007) (construing whether a particular offense was a violent felony for the Armed Career Criminal Act, which uses language very similar to § 16(b)); Brieva-Perez v. Gonzales, 482 F.3d 356, 360 (5th Cir. 2007) ("Section 16(b) plainly requires inquiry only into the 'nature' of the offense as it poses the risk of use of force, and not into the facts underlying a particular conviction.").

Nevarez's separation-of-powers argument is unconvincing. In § 16(b), Congress provided courts with the discretion to determine which prior offenses were crimes of violence, and provided them with a general definition of what constitutes such a crime. See Mistretta v. United States, 488 U.S. 361, 364 (1989).

Nevarez contends § 16(b) does not provide fair warning of the requirements of the law. A defendant is entitled to some notice when a sentencing enhancement will be sought for the commission of a crime of violence, consistent with the Due Process Clause. See United States v. Howard, 444 F.3d 326, 327 (5th Cir. 2006) (holding that notice requirement was fulfilled by the presentence report). Moreover, § 16(b) provides notice that certain classes of offenses may result in more serious enhancements than others upon a subsequent conviction. Finally, § 16(b) is not void for vagueness. See Kolender v. Lawson, 461 U.S. 352, 357 (1983) (stating "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited").

AFFIRMED. MOTION FOR SUMMARY AFFIRMANCE GRANTED.