# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2010

Lyle W. Cayce
Clerk

No. 09-40778
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TROY KEITH LOCKETT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-66-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy Keith Lockett was indicted for possessing a firearm after having been convicted of a felony. *See* 18 U.S.C. § 922(g)(1). The indictment followed Lockett's arrest by the Groves (Texas) Police Department after a police officer saw Lockett throw a weapon from the front, passenger-side window of a moving automobile and another officer found the weapon on the ground. A jury convicted Lockett as charged. Lockett appeals the denial of his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suppress evidence and appeals his conviction and sentence to 290 months of imprisonment. We affirm.

Lockett urges five points of error. He contends that his conviction was the result of an unconstitutional search and seizure and that there was not enough evidence to support the verdict. He contends further that the enhancement of his sentence was improper because he did not have timely notice of the Government's intention to seek enhancement. Additionally, he contends that enhancement was improper because the indictment did not properly allege that he had prior convictions meeting enhancement criteria and because the fact of those prior convictions was not determined by a jury; however, he correctly concedes that this argument is foreclosed by precedent. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Last, Lockett contends that his sentence was substantively unreasonable.

On appeal from a ruling on a motion to suppress, the district court's factual determinations are reviewed for clear error and its legal conclusions are reviewed de novo. *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003). This court may affirm the judgment on any basis established by the record. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). There is no merit to Lockett's arguments on this issue. First, contrary to Lockett's suggestion, no evidence was seized from his vehicle. The only physical evidence that was used to convict Lockett, a .380 caliber handgun, was found on the ground where he had thrown it. This warrantless seizure of abandoned property did not violate the Constitution. *See Abel v. United States*, 362 U.S. 217, 241 (1960); *United States v. Berd*, 634 F.2d 979, 987 (5th Cir. 1981). And the existence of police pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary. *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973). The police "in no way compelled" Lockett to jettison the gun. *Id.*

Second, no evidence was introduced that was the result of an illegal detention of Lockett. Although Lockett had standing to contest a seizure of his

person that resulted from the police stop, *see Brendlin v. California*, 551 U.S. 249, 254 (2007), there was no evidence taken from his person. To the extent that Lockett argues that the police legally stopped his vehicle and were able to identify him as a result, i.e., that his identity was improperly learned, he states no constitutional violation. Limited searches and seizures are permissible if there is a reasonable, articulable suspicion that a person has committed or is about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In analyzing the reasonableness of a detention, we apply an objective standard: whether "the officers [were] objectively authorized to act as they did viewing the totality of the circumstances." *United States v. Holloway*, 962 F.2d 451, 458 & n. 19 (5th Cir. 1992). An investigative detention is permissible if it lasts "no longer than [is] required to effect the purpose of the stop." *United States v. Jenson*, 462 F.3d 399, 404 (5th Cir. 2006). Further, if additional reasonable suspicion arises in the course of the stop, the detention may continue until the new reasonable suspicion has been dispelled or confirmed. *United States v. Brigham*, 382 F.3d 500, 507 (5th Cir. 2004) (en banc).

The GPD officers' actions easily satisfy this standard. The GPD received a call advising that a resident was concerned because two men were repeatedly driving by his residence near midnight while he was outside working on his vehicle. The men's vehicle began to drive off when a GPD officer approached it. The officer saw the vehicle's only passenger pitch a shiny, chrome-colored object out the window. Another officer then found two guns on the ground where the chrome-colored object had landed. These facts created reasonable suspicion to detain Lockett at least long enough to identify him. *See Terry*, 392 U.S. at 21.

As in *Terry*, although the conduct that prompted the stop was ambiguous and possibly innocent, the "the officers could detain [Lockett] to resolve the ambiguity." *Illinois v. Wardlow*, 528 U.S. 124, 125 (2000). Also as in *Terry*, the detention of Lockett was a "minimal intrusion" that permitted the GPD officers "to briefly investigate further." *Id.* at 126. The only evidence in relation to

3

Lockett that was revealed by that brief stop was knowledge of his identity. That evidence was coupled with evidence that was obtained independently of the stop: the gun, which that Lockett himself provided by abandoning it, and the fact of his prior conviction. In sum, the evidence used to convict Lockett was not illegally obtained.

Lockett's contention that the evidence was insufficient fails as well. Evidence is sufficient to convict if any rational trier of fact could find that it establishes guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Appellate review of the sufficiency of the evidence following a criminal conviction is "highly deferential to the verdict." *United States v. Redd*, 355 F.3d 866, 872 (5th Cir. 2003) (internal quotation marks omitted). To convict for a violation of § 922(g)(1), the Government must prove that (1) the defendant had been convicted of a felony, (2) the defendant possessed a firearm in or affecting interstate commerce, and (3) the defendant knew that he was in possession of the firearm. *Ferguson*, 211 F.3d at 885 n.4. It is undisputed that the Government satisfied the first two elements; Lockett stipulated to his prior felony, and there was unrefuted evidence that the handgun seen in his possession had been manufactured in Connecticut and had thus traveled in interstate commerce. Therefore, the only matter seriously contested is whether the Government proved knowing possession. Given the police officer's uncontradicted testimony that he saw Lockett pitch the gun out the window, the jury's finding that Lockett was a felon who possessed a firearm withstands scrutiny. *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998)

Nor is there merit to Lockett's contention that his due process rights were violated because he did not receive timely notice of the Government's intention to seek enhancement of his sentence. The notice of enhancement that Lockett received by way of the presentence investigation report satisfied the requirements of due process. *United States v. Howard*, 444 F.3d 326, 327 (5th Cir. 2006).

Lockett asserts that his sentence of 290 months exceeds what is needed to satisfy federal sentencing goals and is therefore unreasonable. We disagree. Sentencing decisions are reviewed for abuse of discretion. *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008). Being within the properly calculated guidelines range, Lockett's sentence is presumed to be reasonable. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court, moreover, gave extensive consideration to the nature and circumstances of the crime and to Lockett's criminal history and determined that the 18 U.S.C. § 3553(a) factors and the record before it counseled in favor of a sentence at the high end of the guidelines range. We see no reason to disturb that sentence; but even if we were to accept Lockett's suggestion that a shorter sentence would have been more reasonable, that would be insufficient justification for not deferring to the district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court correctly denied Lockett's motion to suppress. Lockett's conviction and sentence are AFFIRMED.