UNITED STATES of America, Plaintiff–Appellee

v.

Charlie HAGEON, Defendant–Appellant.

No. 10–40440
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 14, 2011.

David Haskell Henderson, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

Bernard John Shealy, Assistant Federal Public Defender, Federal Defender's Office, Beaumont, TX, Amy R. Blalock, Federal Defender's Office, Tyler, TX, for Defendant–Appellant.

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM: *

Charlie Hageon appeals his conviction following a bench trial of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and the resulting sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), of 252 months of imprisonment. Hageon argues that there is insufficient evidence to support the district court's finding of guilt. He also challenges his sentence under the ACCA by arguing that he does not have the requisite number of prior convictions that qualify as violent felonies, his prior burglary convictions are not separate prior convictions, his due process rights were violated because he did not receive adequate notice that his prior convictions would be used to enhance his sentence,

---

and his case should be remanded in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

*Sufficiency of the Evidence*

This court's standard of review for sufficiency of the evidence in a bench trial is "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Turner,* 319 F.3d 716, 720 (5th Cir.2003) (internal citation and quotation marks omitted). To convict a defendant of the offense of felon in possession of a firearm, the Government must prove beyond a reasonable doubt that the defendant previously was convicted of a crime punishable by imprisonment for a term exceeding one year, that he possessed a firearm, and that the firearm traveled in or affected interstate commerce. *See* § 922(g)(1); *United States v. Broadnax,* 601 F.3d 336, 341 (5th Cir.2010). Hageon stipulated that he was previously convicted of a crime that was punishable by imprisonment for a term that exceeded one year and that the firearm at issue traveled in interstate commerce. Thus, the only offense element that was at issue was whether Hageon possessed the firearm.

■ Hageon's challenge to the sufficiency of the evidence is not persuasive. Kelli Pope and David Moore both testified that they saw the pistol in question in Hageon's possession on the night of April 29, 2009, and that the pistol, which ATF agents found at the residence of Pope and Moore, partially hidden on the couch, was not in their residence before Hageon arrived there on May 1, 2009. Additionally, ATF agents testified that on May 1, 2009, when they arrived at the residence of Pope and Moore, Pope and Hageon were on the front porch. The arrival of the ATF agents prompted Hageon's quick entry into the house. Hageon reemerged on the porch just a few seconds later. An ATF Agent searched the residence, with Pope's permission, and discovered the firearm at issue, partially hidden behind a couch cushion, in the living room, near the front door. Possession of a weapon may be proved by circumstantial evidence. *See United States v. Salinas,* 480 F.3d 750, 759 (5th Cir.2007). The record contains sufficient evidence establishing that Hageon had knowledge of the firearm and access to the dwelling where the firearm was found. *See id.; United States v. De Leon,* 170 F.3d 494, 497 (5th Cir.1999). The record thus contains substantial evidence to support the trial judge's finding of guilt. *See Turner,* 319 F.3d at 720.

*Sentencing pursuant to the ACCA*

Under the ACCA, a defendant who is convicted under § 922(g) as a felon in possession of a firearm who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum prison sentence of fifteen years. § 924(e)(1). This court reviews the sentencing court's findings of fact for clear error and reviews de novo the legal conclusions underlying the application of the ACCA. *United States v. Hawley,* 516 F.3d 264, 269 (5th Cir.2008). Constitutional challenges are reviewed de novo. *See United States v. Joseph,* 333 F.3d 587, 589 (5th Cir.2003). The ACCA specifically lists, inter alia, "burglary" in its definition of "violent felony." *See* § 924(e)(2)(B). The district court used Hageon's prior Texas convictions of burglary of a building as a basis for determining that Hageon had the requisite three prior violent felony convictions. Thus, the relevant issue is whether Ha-

geon's Texas convictions of burglary qualify as "burglary" as set forth in § 924(e)(2)(B)(ii). *See Taylor v. United States,* 495 U.S. 575, 598–602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Hageon's argument that he does not have the requisite number of prior qualifying convictions is without merit, for the following reasons. Hageon's reliance upon U.S.S.G. § 4B1.2(a) (2009) is misplaced. A person who is an armed career criminal pursuant to § 924(e)(1) qualifies as an armed career criminal who is subject to sentencing under § 4B1.4, the armed career criminal guideline. *See* § 4B1.4(a). The language that governs classification of Hageon's prior offenses is the definition of violent felony that is set forth in § 924(e)(2)(B), not the definition of crime of violence that is set forth in guideline § 4B1.2(a). *See* 924(e)(1); § 4B1.4(a); § 4B1.2, comment. (n.1). Also, *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), upon which Hageon relies, is inapposite. In *Begay,* 553 U.S. at 139–48, 128 S.Ct. 1581, the Supreme Court analyzed whether a state conviction for driving under the influence was a violent felony under the "otherwise" clause of § 924(e)(2)(B)(ii), and held that the conviction was not a qualifying violent felony. *Begay* does not set forth the framework for analyzing whether a state crime qualifies as a violent felony because it is a listed crime and thus does not govern the analysis in Hageon's case.

In *Taylor,* 495 U.S. at 598, 110 S.Ct. 2143, the Supreme Court determined that the offense of "burglary" as set forth in § 924(e)(2)(B)(ii) is the modern, generic form of burglary. The *Taylor* definition of burglary, requires, at a minimum, "the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor,* 495 U.S. at 598, 110 S.Ct. 2143. Where, as in Hageon's case,

prior convictions arise from a guilty plea, "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard,* 544 U.S. at 26, 125 S.Ct. 1254.

■ Hageon does not argue that the documents that were submitted with the PSR Addendum are inadequate under *Shepard.* The documents indicate that, in each case, Hageon was convicted of burglary of a building "with intent to commit a theft." The documents therefore establish that Hageon was convicted, in four cases, of burglary of a building under § 30.02(a)(1) of the Texas Penal Code. The language of the current version of § 30.02(a)(1), and the 1992 and 1994 versions that were effective at the time of Hageon's prior convictions, substantially correspond to the *Taylor* definition. *See* TEX. PENAL CODE ANN. § 30.02(a)(1); *Taylor,* 495 U.S. at 598, 110 S.Ct. 2143. The Texas crime of burglary as defined in § 30.02(a)(1) therefore qualifies as a violent felony under the ACCA. *See United States v. Constante,* 544 F.3d 584, 585 (5th Cir.2008); *United States v. Silva,* 957 F.2d 157, 161–62 (5th Cir.1992). The district court thus did not err in its determination that Hageon had three prior convictions for a violent felony as defined in the ACCA.

■ Hageon further argues that his three violent felony convictions were not "committed on occasions different from one another," as required by § 924(e). The *Shepard* documents that were submitted with the PSR Addendum establish, as the district court concluded, that Hageon's

qualifying violent felonies occurred on three separate occasions, with two of the burglaries separated by twelve days and a third burglary occurring two years later. Moreover, the documents establish that the crimes occurred at different places and had different victims. The district court therefore correctly determined that Hageon had three qualifying convictions that were "committed on occasions different from one another." *See* § 924(e); *United States v. Fuller,* 453 F.3d 274, 278–79 (5th Cir.2006); *United States v. Washington,* 898 F.2d 439, 442 (5th Cir.1990).

Hageon also contends that he received inadequate notice that the ACCA was applicable at sentencing. A defendant is "not entitled to any formal notice of the possibility of an enhanced sentence under the ACCA other than that required by due process." *United States v. Howard,* 444 F.3d 326, 327 (5th Cir.2006). Hageon received notice of the application of the ACCA in the PSR, to which he objected in writing and at sentencing. Therefore, his argument is unavailing. *See id.* Finally, Hageon argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Booker,* 543 U.S. at 220, 125 S.Ct. 738, and *Shepard,* 544 U.S. at 13, 125 S.Ct. 1254, require that prior convictions that are used in the § 924(e) analysis be proven beyond a reasonable doubt and determined by a jury. This argument lacks merit. *See James v. United States,* 550 U.S. 192, 213–14 & n. 8, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007); *United States v. Stone,* 306 F.3d 241, 243 (2002).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Anthony Wayne LEE, Defendant–
Appellant.**

**No. 10–30652
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 14, 2011.

Before WIENER, PRADO and OWEN, Circuit Judges.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.