United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-31119
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

SIDNEY JOSEPH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans

_____

Before JOLLY, HIGGINBOTHAM, and MAGILL,[*] Circuit Judges.

MAGILL, Circuit Judge:

A jury convicted defendant-appellant Sidney Joseph of the following: three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (2000); carjacking, in violation of § 2119; and various weapons charges related to the above crimes, in violation of §§ 924(c)(1)(A)(ii), 924(a)(2), and 922(g)(1). The district court[1] sentenced Joseph to a total of 462 months' incarceration.

---

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

[1] The Honorable Edith B. Clement, United States District Judge for the Eastern District of Louisiana.

Joseph appeals his convictions on five grounds: (1) the district court erred in concluding Joseph was competent to stand trial; (2) the district court erred in permitting Joseph to represent himself; (3) the district court abused its discretion by placing Joseph in a stun belt and shackles during trial; (4) the district court abused its discretion in granting an upward departure; and (5) the district court erred in refusing to suppress statements made by Joseph prior to the reading of his Miranda rights. Our jurisdiction is proper pursuant to 28 U.S.C. § 1291. For the following reasons, we affirm.

## I.

First, Joseph argues that the district court erred in finding him competent to stand trial. "Due process prohibits the prosecution of a defendant who is not competent to stand trial." Dunn v. Johnson, 162 F.3d 302, 305 (5th Cir. 1998) (citation omitted). A defendant is competent to stand trial if "he has the present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceeding[] against him." Id. (citation and internal quotations omitted). We "will not reverse the district court's determination [of competence] unless it is clearly arbitrary or unwarranted--a species of clear error review--but this mixed question of fact and law requires us to re-analyze the facts and take a hard look at the trial judge's ultimate conclusion."

2

United States v. Doke, 171 F.3d 240, 247 (5th Cir. 1999) (citation and internal quotations omitted).

Joseph's counsel first raised the issue of competency three days before the scheduled beginning of trial. The district court continued the trial and ordered psychiatric evaluations. Joseph's psychiatrist stated that she suspected mental illness, but could not make a conclusive determination. The court appointed psychiatrist testified that Joseph was uncooperative but that "[i]t is within his voluntary control to be cooperative or not cooperative." This psychiatrist noted that there could be some underlying paranoia, but that Joseph did not exhibit the usual symptoms of paranoia. The court appointed psychiatrist concluded that Joseph "certainly is in possession of a lot of his faculties."

In addition, there was testimony at a competency hearing from sheriffs, marshals, a pretrial service officer, and an FBI agent indicating that Joseph consistently responded appropriately to law enforcement requests and engaged in conversations regarding his upcoming trial. There was testimony that on the day of one of his psychiatric evaluations, Joseph responded appropriately to law enforcement personnel, but then refused to cooperate with the psychiatrist.

We conclude that this evidence as a whole provided a sound basis for the district court's conclusion that Joseph was competent. Therefore, we affirm the district court's decision that Joseph was competent to stand trial.

3

Second, Joseph argues that the district court erred by allowing him to represent himself at trial, claiming that his waiver of the right to counsel was not made knowingly and intelligently. "We review constitutional challenges <u>de</u> <u>novo</u>." <u>United States v. Walker</u>, 148 F.3d 518, 528 (5th Cir. 1998) (citation omitted).

A defendant in a criminal trial has a constitutional right to proceed without counsel, but only when he knowingly and intelligently elects to do so. <u>See</u> <u>Faretta v California</u>, 422 U.S. 806, 833-35 (1975); <u>see also</u> <u>Dunn</u>, 162 F.3d at 307 (citations and internal quotation omitted). A defendant who wishes to waive the right to counsel "'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with his eyes open."'" <u>Dunn</u>, 162 F.3d at 307 (quoting <u>Faretta</u>, 422 U.S. at 835 (quoting <u>Adams v. United States ex rel. McCann</u>, 317 U.S. 269, 279 (1942))).

In determining whether a defendant has effectively waived the right to counsel, the district court must consider various factors, including defendant's age, education, background, experience, and conduct. <u>United States v. Davis</u>, 269 F.3d 514, 518 (5th Cir. 2001) (citation omitted). The court must ensure that the waiver is not the result of coercion or mistreatment, and must be satisfied that the accused understands the nature of the charges, the consequences

4

of the proceedings, and the practicality of waiving the right to counsel.  Id. (citation omitted).

On the morning of trial, Joseph's appointed defense counsel, Mr. George Chaney, Jr., informed the court that Joseph did not wish to be represented by counsel because Joseph lacked confidence in his counsel.  After expressing a desire to proceed pro se, the court explained to Joseph the disadvantages of self-representation. The court provided: "I seriously recommend to you that you allow Mr. Chaney and his assistant to represent you . . . because they are very good lawyers."  After informing Joseph that Mr. Chaney would remain as stand-by counsel, the court reiterated its warning: "It is my strong recommendation to you that you allow [Mr. Chaney] to do the questioning, that you allow him to do the cross-examination, and that you allow him to put on evidence if there is any evidence on your behalf."  After explaining that Joseph had shown no good cause for the appointment of a different defense counsel, the district court urged once again, "I am discouraging you from representing yourself."  Despite these warnings, Joseph proceeded pro se.[2]

The record indicates that the district court properly informed Joseph of the dangers and disadvantages of self-representation

---

[2]  On the second day of trial, Joseph again expressed a desire to represent himself, and Mr. Chaney again was appointed stand-by counsel.  On the third and final day of the trial, after direct examination of the second witness, Joseph requested that Mr. Chaney be reappointed, and Mr. Chaney completed the trial as counsel.

5

multiple times before the trial commenced. In addition, Joseph made comments to the court about the superceding indictment issued against him and the severity of the sentence he was facing. These indicate that Joseph understood the nature of the charges against him and the consequences of the proceedings.

We affirm the district court's decision to permit Joseph to represent himself, as the requirements for a knowing and intelligent waiver of representation by counsel were satisfied.

### III.

Third, Joseph argues that the district court abused its discretion by placing Joseph in a stun belt and shackles during the trial. We review the decision to restrain an obstreperous defendant for abuse of discretion. Illinois v. Allen, 397 U.S. 337, 343-44 (1970); United States v. Ellender, 947 F.2d 748, 760 (5th Cir. 1991) (citation omitted).

Shackling is an inherently prejudicial practice, permitted only when justified by an essential state interest specific to each trial. Holbrook v. Flynn, 475 U.S. 560, 568-69 (1986). This court has held that an essential state interest justifying shackling is found where there is a danger of escape or injury to the jury, counsel, or other trial participants. United States v. Hope, 102 F.3d 114, 117 (5th Cir. 1996) (citation omitted). The district court is required to state, outside the presence of the jury, the reasons for which it has chosen to shackle the defendant. Id. (citation omitted).

6

At the request of the district court, the Marshal's Service testified outside of the presence of the jury but on the record as to Joseph's behavior. This testimony reveals that Joseph was both physically and verbally combative on the way to and during trial. In addition, two shanks, or homemade knives, were found on Joseph's person on the third morning of trial. Based on these events, the marshals recommended the use of a stun belt and shackles. Concluding that Joseph posed a risk of harm to the marshals, court officers, and others present at trial, the district court permitted the use of these restraints.

We find no abuse of discretion in this action. The district court properly stated the reasons for the use of restraints. Further, there is no evidence that the jury was prejudiced by the presence of these restraints, as the stun belt was not activated during the trial, and both the belt and the shackles were kept out of the view of the jury. Accordingly, we affirm the district court's decision to restrain Joseph.

## IV.

Fourth, Joseph argues that the district court erred in granting an upward departure based on his criminal history. We review a departure from the applicable guideline range for abuse of discretion. United States v. Delgado-Nunez, 295 F.3d 494, 497 (5th Cir. 2002) (citation omitted). "There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable." Id. (citations and internal

7

quotation omitted).

After a thorough review of the record, we find that the district court did provide acceptable reasons for its departure; specifically, based on the totality of the circumstances, a Criminal History Category of VI was most appropriate for Joseph. Additionally, we find the upward departure of an additional 42 months for the bank robbery convictions reasonable under the circumstances. Accordingly, we affirm the district court's sentence.

## V.

Finally, Joseph argues that the district court erred in refusing to suppress a statement he made prior to the reading of his Miranda rights. Police and FBI agents located Joseph at a hotel. After ordering him out of one of the hotel rooms, an agent informed Joseph that he was under arrest and began a pat-down. At this time, but before the reading of his Miranda rights, an officer asked Joseph if he had a weapon on him. Joseph responded, "[n]o, sir, not on me. There's one in the room." A handgun was found in the hotel room. Joseph argues that this statement should have been suppressed because it was made prior to his Miranda warnings.

"We review a district court's denial of a motion to suppress by (1) viewing the facts in the light most favorable to the prevailing party, (2) accepting the district court's factual findings unless clearly erroneous, and (3) considering all questions of law de novo." United States v. Lampazianie, 251 F.3d

8

519, 523 (5th Cir. 2001) (citation omitted); <u>see also</u> <u>United States v. Aucoin</u>, 964 F.2d 1492, 1498 (5th Cir. 1992) (citations omitted).

However, the district court's ruling, even if erroneous, does not merit reversal of the defendant's conviction unless it affected a substantial right. <u>Aucoin</u>, 964 F.2d at 1499. "In the context of suppression of evidence, the test for harmless error is 'whether the trier of fact would have found the defendant guilty beyond a reasonable doubt [if the evidence had been suppressed].'" <u>Id.</u> (citation omitted). Therefore, Joseph must show both that (1) the district court erroneously admitted the statement, and (2) the error was so prejudicial as to produce a different verdict.

Joseph has not met this burden. Even assuming, <u>arguendo</u>, that the statement was admitted erroneously, based on the subsequent discovery of the gun in the hotel room from which Joseph was removed and subsequently arrested,[3] we find that the jury would have found Joseph guilty beyond a reasonable doubt even without the statement's admission. Accordingly, we affirm the district court's admission of the statement.

## VI.

Accordingly, we affirm Joseph's conviction and sentence.

---

[3] Joseph does not challenge the admission of the gun into evidence; instead, he challenges only the admission of the statements made regarding the gun.

9