United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 03-11190

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

NORMA SERNA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
m 4:02-CR-29-ALL-BE

Before JONES, MAGILL,* AND SMITH,
   Circuit Judges.

PER CURIAM:**

---

* Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Norma Serna was arrested, then arraigned the next day before a federal magistrate judge. She was charged with knowingly and willfully aiding and abetting the illegal entry of Mexican aliens by attempting to transport them.

Serna pleaded guilty without assistance of counsel. The court explained the nature of the charges against her and the consequences of conviction. Without explicating the Sixth Amendment right at length, the court asked Serna whether she wished to proceed without counsel, pursuant to a waiver of right to counsel that she previously had signed. She responded in the affirmative, and the court was satisfied that her waiver was knowing and intelligent. She pleaded guilty and was sentenced to twelve months' probation.

Serna violated the terms of her probation. After a parole revocation hearing at which she contended that she had been deprived of her Sixth Amendment rights at the time of her plea, the district court revoked her probation and sentenced her to four months' imprisonment.

Serna appeals the revocation of parole, arguing that her attempted waiver of counsel was not "knowing and intelligent," and accordingly that her Sixth Amendment rights were violated. Imprisonment may not be imposed on a defendant who has not knowingly and voluntarily waived his right to counsel. *See Alabama v. Shelton*, 535 U.S. 654, 662 (2002); *Argersinger v. Hamilton*, 407 U.S. 25, 37 (1972). We review constitutional challenges *de novo*. *See United States v. Joseph*, 333 F.3d 587, 589 (5th Cir.), *cert. denied*, 124 S. Ct. 446 (2003).

The government contends that Serna's present challenge to the validity of her waiver cannot be raised on direct appeal from a revocation hearing, but must be collaterally attacked in a 28 U.S.C. § 2255 proceeding. Although this circuit has yet to reach this issue,[1] we do not address it here, because, even assuming, *arguendo*, that a direct appeal is a proper vehicle for Serna's challenge, the record shows that the waiver of her Sixth Amendment right to counsel was valid, so her case fails on the merits.

We conclude, after a review of the record, that Serna knowingly and intelligently waived counsel at the time she pleaded guilty. The court informed her of the nature of the charges against her and the consequences of a guilty plea. She signed a consent, acknowledging that she agreed to waiver her right to the assistance of counsel. We are especially mindful that she failed to allege that she did not in fact understand her right to appointed counsel. Serna therefore validly waived her Sixth Amendment rights. *See Argersinger*, 407 U.S. at 37.

AFFIRMED.

---

[1] In *United States v. Francischine*, 512 F.2d 827 (5th Cir. 1975), we prohibited the challenge of underlying convictions at a parole revocation hearing. Serna challenges only her imprisonment.