United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40502
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM EARL HILL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-99-ALL
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

William Earl Hill appeals, pro se, from his conviction and sentence for one count of mailing a threatening communication with intent to extort money, 12 counts of threat in retaliation against a federal official, and 11 counts of mailing a threatening communication. Hill argues that the district court abused its discretion by requiring him to wear a stun belt during trial, the district court judge was biased against him, and he received ineffective assistance of counsel at trial.

---
[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prior to trial, the district court heard testimony regarding Hill's conduct, the threatening content of the letters he was accused of writing, and the various methods that could be used to restrain him.  The district court determined that Hill presented an imminent danger to others in the courtroom and that the restraint belt provided the least restrictive means of obviating this danger.  Given the specific threat in the letters to attack one of the witnesses when she appeared in court, the district court did not abuse its discretion by requiring Hill to wear a stun belt during the trial proceedings.  See United States v. Joseph, 333 F.3d 587, 591 (5th Cir. 2003); Chavez v. Cockrell, 310 F.3d 805, 809 (5th Cir. 2002).

Hill's contention that the district court judge was biased against him is based on an isolated remark made by the judge outside the presence of the jury.  The judge stated that the remark was a joke and apologized for making it.  There is no evidence to support Hill's contention that he was deprived of due process due to bias against him by the court.  See Liteky v. United States, 510 U.S. 540, 555 (1994).

Because Hill's assertions of ineffective assistance of counsel were not developed before the district court, we decline to address these contentions without prejudice to Hill's ability to raise them in a collateral proceeding.  See United States v. Scott, 159 F.3d 916, 924-25 & n.7 (5th Cir. 1998).

AFFIRMED.