**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-20316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

USMAN BANKOLE SANNI-SHITTU,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-371-2

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se with standby counsel, Usman Bankole Sanni-Shittu was convicted in a bench trial of conspiracy, 18 U.S.C. § 371; mail fraud, 18 U.S.C. §§ 1341 and 2; bank fraud, 18 U.S.C. §§ 1344 and 2; possession of stolen mail, 18 U.S.C. §§ 1708 and 2; and aggravated identity theft, 18 U.S.C. §§ 1028A and 2. The district court sentenced Sanni-Shittu to an 84-month term of imprisonment. Sanni-Shittu appeals his conviction and sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Sanni-Shittu asserts that evidence seized during a consensual search of an apartment he occupied and statements he made to authorities during the search should have been suppressed because his consent to the search and his statements were involuntary. Sanni-Shittu argues for the first time on appeal that he signed the consent forms at gunpoint and in fear of his life and that his statements were made under similar duress. He further argues that he was not the lessor of the apartment; the absence of a warrant was unreasonable; the manager of the apartment complex thought the officers had a warrant; and there were no exigent circumstances justifying a warrantless search.

Following a hearing, the district court found that Sanni-Shittu consented to the search and that his statements were made voluntarily. Whether Sanni-Shittu's failure to argue in the trial court that his consent and statements were obtained at gunpoint waived the issue, *see United States v. Pope*, 467 F.3d 912, 917-20 (5th Cir. 2006), or whether the claim is reviewed for plain error, *see United States v. Baker,* 538 F.3d 324, 328-29 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009), Sanni-Shittu has failed to rebut the district court's determination that he consented to the search and his statements were made voluntarily. Consequently, we find it unnecessary to address Sanni-Shittu's other suppression arguments.

Sanni-Shittu argues that his arrest was not supported by probable cause. Without citing legal authority or evidence to support the argument, he asserts that an investigation of computer and telephone records that allegedly led authorities to a computer located in the apartment that he occupied was a sham and that he was arrested simply because he is Nigerian. We conclude that Sanni-Shittu has waived this issue by failing to brief it adequately. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also United States v. Tomblin,* 46 F.3d 1369, 1376 n.13 (5th Cir. 1995). Sanni-Shittu contends that his arrest lacked probable cause because officers had no evidence that he committed a crime when they entered the apartment. His contention ignores

evidence that internet tracking indicated that a computer used to open fraudulent bank accounts was located in the apartment he occupied; the district court's finding that he voluntarily consented to the search and gave incriminating statements to officers; and evidence that Sanni-Shittu was not arrested until after the consensual search revealed incriminating items in the apartment. The arrest was supported by probable cause. *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995).

Sanni-Shittu urges that his rights under the Sixth Amendment were violated because he was denied the right to fire his appointed attorney and proceed with retained counsel of his choice. He argues that his decision to represent himself was not informed and voluntary and that he was forced into the decision because the trial court would not allow him to be represented by counsel of his choice. After reviewing the extensive district court proceedings concerning Sanni-Shittu's representation, we find no violation of Sanni-Shittu's rights under the Sixth Amendment. *See United States v. Joseph*, 333 F.3d 587, 589-90 (5th Cir. 2003); *United States v. Davis*, 269 F.3d 514, 518 (5th Cir. 2001).

We reject Sanni-Shittu's challenge to the sufficiency of the evidence that he participated in a conspiracy. The record evidence supports the conviction of conspiracy. *See United States v. Serna-Villarreal*, 352 F.3d 225, 234 (5th Cir. 2003). We do not address Sanni-Shittu's arguments concerning his sentence because he has not provided a record of the sentencing hearing or offered an explanation for this omission from the record. *United States v. Hinojosa*, 958 F.2d 624, 632 (5th Cir. 1992).

AFFIRMED.