# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 09-51144
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MELISSA COCKERHAM,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-511-2

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Melissa Cockerham appeals her guilty-plea conviction for conspiring to commit money laundering. Cockerham contends: her appeal waiver does *not* bar her appeal; and, her Sixth Amendment right to a public trial was violated because the courtroom was closed during her guilty-plea hearing.

The Government does *not* invoke the appeal-waiver provision of Cockerham's plea agreement because that agreement bars only the appeal of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. Therefore, this appeal is *not* barred. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

"We review constitutional challenges *de novo*." *United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003) (quotation omitted); *see also United States v. Osborne*, 68 F.3d 94, 98 (5th Cir. 1995). Arguably, because the closed-courtroom issue was not raised in district court, review would be only for plain error. Under either standard, the claim fails.

The Sixth Amendment guarantees a public trial to all criminal defendants. *Osborne*, 68 F.3d at 98. A defendant may waive that right, however, by failing to object to the closing of the courtroom. *Peretz v. United States*, 501 U.S. 923, 936 (1991) (citing *Levine v. United States*, 362 U.S. 610, 619 (1960)); *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006).

For the reasons that follow, Cockerham waived her right to public trial. At the guilty-plea hearing, her husband pleaded guilty first. After his plea, but before Cockerham's, the court announced the courtroom had been closed for the husband's and Cockerham's pleas. Cockerham and her counsel were present in the courtroom at that time; there is *no* indication in the record either Cockerham or her counsel objected to the closure of the courtroom before or during the plea hearing, at any subsequent proceeding, or by way of a written motion. "Where a defendant, with knowledge of the closure of the courtroom, fails to object, that defendant waives [her] right to a public trial." *Hitt*, 473 F.3d at 155 (citing *Levine*, 362 U.S. at 618-19 (1960)). Moreover, "[a] defendant's attorney's waiver of the right to a public trial is effective on the defendant". *Hitt*, 473 F.3d at 155 (citing *United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir. 1949)).

AFFIRMED.