# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2012

Lyle W. Cayce
Clerk

No. 11-30238
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CASEY JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CR-10024-1

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this case, Defendant-Appellant Casey Jackson appeals his conviction on the grounds that the district court denied him a fair competency hearing by refusing defense counsel's request to have an attorney appointed to the panel of experts charged with evaluating whether Jackson was competent to assist in his defense. Because we find that the district court properly evaluated Jackson's competency, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30238

## FACTUAL AND PROCEDURAL BACKGROUND

Jackson was an inmate at the United States Penitentiary, Pollock, Louisiana on November 1, 2006 when he punched Officer Bobby Ramos, a guard at the prison. On that day, Officer Ramos ordered Jackson to take off his boots because he did not clear the metal detector at the entrance to the east corridor of the prison. Jackson protested, and insisted on speaking with Lt. Mike Taylor. After the conversation, Jackson took off his boots and proceeded through the metal detector. When Officer Ramos inspected the boots for contraband, Jackson became agitated and told Officer Ramos, "You're going to get yours." Officer Ramos, along with several other corrections officers, then escorted Jackson up the east corridor. Along the way, Jackson asked to see the captain, but the officers denied his request. He subsequently attempted to veer away through the door into the cafeteria, which led to the captain's area. As the officers tried to direct Jackson away from the door, he punched Officer Ramos in the face, injuring his left eye and nose.

Jackson was charged with assaulting a government employee, in violation of 18 U.S.C. § 111. In the time leading up to his trial, he wrote numerous letters to both the district and magistrate judges, as well as his attorney. The district court conducted a hearing as a result of these letters, after which it sua sponte ordered that Jackson undergo a competency evaluation by an examiner designated by the Bureau of Prisons, pursuant to 18 U.S.C. § 4241.[1] Dr. Jason Dana, the psychologist who examined Jackson, submitted a report indicating that Jackson has an anti-social personality disorder, and he "presents a significant challenge to any lawyer attempting to work with him in the development of a defense." However, Dr. Dana stated that Jackson does not appear to have a severe mental illness or cognitive defect, and that "his ability

---

[1] 18 U.S.C. § 4241 sets out the procedure for determining a defendant's mental competency to stand trial.

to understand the legal proceedings and to properly assist his counsel do not appear to be noticeably impaired."

After receiving Dr. Dana's evaluation, the court ordered that the magistrate judge conduct a competency hearing as to Jackson. At the hearing, defense counsel requested that the court appoint a competency panel to evaluate Jackson, consisting of an independent psychologist and a criminal defense attorney. The magistrate judge then appointed Dr. John Simoneaux, a psychologist, to perform a sanity/competency evaluation of Jackson, but did not appoint a defense attorney to be part of the process. Dr. Simoneaux filed an initial report after meeting with Jackson for two hours at an office in the prison. This initial report indicated that, without further information, Dr. Simoneaux could not render a definitive evaluation, but he found that Jackson's ability to assist his defense counsel was "much more impaired" than his ability to understand his legal rights and the consequences of conviction. However, Dr. Simoneaux later filed a supplemental report after he had the opportunity to review additional materials, such as an evaluation of Jackson by Jim Womack, Ph.D., an extensive report by a probation officer, and Dr. Dana's psychological evaluation of Jackson. In his supplemental report, Dr. Simoneaux concluded that the history supported a finding that Jackson may be malingering a mental illness. Dr. Simoneaux stated that Jackson's history seemed to suggest that he "did not suffer from a mental disease or defect at the time of the alleged offense that would have affected his ability to appreciate or be aware of the wrongness of his acts." Dr. Simoneaux also found that Jackson "is not suffering from a significant mental disease or defect that would materially affect his ability to understand his legal situation or to assist counsel in preparing a defense."

The magistrate judge conducted a second competency hearing after receiving Dr. Simoneaux's reports. The magistrate judge recommended that Jackson be found competent to stand trial, to understand the nature and the

consequences of the proceedings against him, and to assist in his defense. Defense counsel objected to the magistrate judge's report and recommendation, both on the basis of its legal and factual findings, and because the court had not appointed a defense attorney to the evaluation panel. The district court, however, overruled the objections, and after a de novo review of the record, concluded by a preponderance of the evidence that Jackson was competent to stand trial and assist in his defense.

## ANALYSIS

A defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and if "he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). "A district court's determination of competency to stand trial may not be set aside on review unless it is clearly arbitrary or unwarranted." *United States v. Hayes*, 589 F.2d 811, 822 (5th Cir. 1979). This is "a species of clear error review," and it "requires us to re-analyze the facts and take a hard look at the trial judge's ultimate conclusion." *United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003) (quoting *United States v. Doke*, 171 F.3d 240, 247 (5th Cir. 1999)).

Here, Jackson contends that the district court is required to provide a defendant with a fair competency hearing, and that by not granting defense counsel's request to include a defense attorney on the panel evaluating Jackson's competency, the hearing held by the district court was inherently unfair. However, Jackson cites no authority in support of the premise that it is clear error for a district court not to include an attorney on the panel of experts conducting a competency assessment.[2]

---

[2] Jackson quotes the Supreme Court's statement that "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." *Medina v. California*, 505 U.S. 437, 450 (1992). However, the Court in *Medina* was discussing a state's

No. 11-30238

By statute, all that is required of a district court is that it grant a motion for a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Whether to even order a psychiatric or psychological examination of the defendant prior to the hearing is left to the discretion of the district court. § 4241(b) ("Prior to the date of the hearing, the court *may* order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court[.]" (emphasis added)). The district court in Jackson's case held one competency hearing, and then at defense counsel's request ordered a second hearing, and also agreed to have a different, independent expert complete a second psychological evaluation of Jackson. Rather than deny Jackson a fair hearing, we find that the district court made a substantial effort to ensure that it rendered a fair and well-founded competency determination.

## CONCLUSION

Jackson admits that, "[g]iven the ultimate opinions of the two mental health professionals, the district court's finding of competency is obviously beyond serious review in this Court." We agree, and accordingly AFFIRM the district court's finding that Jackson was competent to stand trial.

---

allocation of the burden of proof in competency hearings, and not a court's appointment of experts.

5