# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2013

Lyle W. Cayce
Clerk

No. 12-40678
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TONY EARL BAILENTIA, JR.,
Also Known as Tony Earl Bailentia, Also Known as Tony Earl Jones,
Also Known as Thomas Edward Bailey, Jr., Also Known as LA,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-96-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tony Bailentia, Jr., was convicted of being a felon in possession of a fire-arm and sentenced pursuant to the Armed Career Criminal Act ("ACCA"), 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 924(e), and U.S. Sentencing Guidelines § 4B1.4 to 252 months of imprisonment and five years of supervised release.  He challenges his conviction and sentence on several grounds.

Bailentia contends there was insufficient evidence that he possessed the firearm alleged in count two of the indictment.  Viewing the evidence in the light most favorable to the verdict and drawing all inferences and credibility choices made in support of it, a rational trier of fact could have concluded that Bailentia possessed the firearm.  *See United States v. Moore*, 708 F.3d 639, 645 (5th Cir. 2013).  The trier of fact rationally could have credited the testimony of the government witnesses and inferred that when Bailentia first threatened Ronald Simmons, he had a firearm in his possession; that Bailentia later returned to Simmons's apartment with the firearm on Bailentia's person; and that Bailentia fled from the responding officer to hide the firearm in Simmons's mattress and avoid being found with a firearm.  Bailentia's bare assertion that there was insufficient evidence that the firearm had traveled in interstate commerce is waived by inadequate briefing.  *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

Bailentia asserts that evidence regarding count one, for which the district court entered a judgment of acquittal, was inadmissible under Federal Rule of Evidence 404(b).  If we assume for purposes of argument that this evidence was extrinsic to count two, it was still relevant to an issue other than Bailentia's character, namely, whether he had access to and thus possessed a firearm on the date charged in count two.  Further, the probative value of this evidence was not outweighed by the danger of undue prejudice in light of the relative strength of the government's case on count two and the limiting jury instruction.  *See United States v. Cockrell*, 587 F.3d 674, 682 (5th Cir. 2009); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  The district court did not abuse its discretion by denying the motion for a new trial. *See United States v. Piazza*, 647 F.3d 559, 564 (5th Cir. 2011).

No. 12-40678

Bailentia raises three challenges to the ACCA sentence enhancement. He contends that his conviction in Louisiana for simple burglary is not a violent felony. The charging document and minutes of court, which the district court properly considered to narrow the offense of conviction, *see Shepard v. United States*, 544 U.S. 13, 26 (2005), reveal that Bailentia pleaded guilty to simple burglary of a building with the intent of committing a theft therein. *See* LA. REV. STAT. ANN. 14:62 (1974). Accordingly, his prior conviction meets the generic definition of burglary, and the court correctly determined that this prior conviction is a violent felony. *See Taylor v. United States*, 495 U.S. 575, 599 (1990); *United States v. Hawley*, 516 F.3d 264, 269 (5th Cir. 2008). Bailentia's other arguments—that the facts establishing that he had three prior convictions for violent felonies had to be proven beyond a reasonable doubt to a jury and that the PSR provided inadequate notice that § 4B1.4 was applicable at sentencing— are foreclosed. *See United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006); *United States v. Howard*, 444 F.3d 326, 327 (5th Cir. 2006); *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002).

Bailentia challenges the substantive reasonableness of his within-guidelines sentence. His challenge to the presumption of reasonableness is foreclosed by *Rita v. United States*, 551 U.S. 338, 346-51 (2007). The district court was aware of the mitigating factors pointed to by Bailentia at sentencing but implicitly gave more weight to the aggravating factors. Bailentia has not demonstrated that the court failed to give proper weight to any particular 18 U.S.C. § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to rebut the presumption of reasonableness that is accorded to a within-guidelines sentence. *See id.*

AFFIRMED.

3