# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41091

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ALBERTO MEJORADO

Defendant – Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-364

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Alberto Mejorado ("Mejorado") appeals his conviction and sentence of 120 months of imprisonment for possession with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(A) and 842(b)(1)(A). The sole issue on appeal concerns the district court's decision to allow Mejorado to waive the right to counsel and represent himself at a suppression hearing. Because Mejorado validly waived counsel, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41091

On the evening of April 20, 2012, United States Border Patrol agents arrested Mejorado at the Falfurrias, Texas, checkpoint after a canine was alerted to narcotics in Mejorado's car. The search of the vehicle turned up several bundles of cocaine. After a Border Patrol agent read the arrestee his *Miranda* rights, Mejorado admitted that he had knowingly smuggled the drugs in question but insisted that he was unaware what type of drugs they were. Mejorado stated that earlier that day, at the instruction of two unnamed persons, he parked his car at a Wal-Mart in Alamo, Texas, left the keys inside, entered the store and remained there until he received a phone call informing him that the drugs had been stashed in his vehicle. Mejorado was directed to drive north, and advised that he would be given further instructions once he passed through the Falfurrias checkpoint. Additionally, Mejorado told a Drug Enforcement Agency agent—who also read him his *Miranda* rights—that he believed he was smuggling between 40 and 45 pounds of marijuana.

Mejorado was charged with one count of possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(A) and 842(b)(1)(A). Before trial, Mejorado was represented by several attorneys and underwent two competency evaluations. Retained counsel represented Mejorado at his arraignment, but later withdrew, citing "differences in opinion on the strategy that should be employed." The court appointed the Federal Public Defender to represent Mejorado, but Mejorado eventually asked for another attorney. Finally, Juan Reyna ("Reyna") appeared for Mejorado and moved the magistrate judge to commit the defendant for a psychiatric evaluation to determine his competency. The magistrate granted the motion. At a subsequent hearing, Judge Head, the presiding district court judge, ordered a second competency evaluation. Both examinations concluded that the defendant was competent to stand trial.

No. 13-41091

Shortly before the second competency report was filed, Mejorado moved to waive representation. Judge Head conducted a hearing, granted the defendant's motion to represent himself, and appointed Reyna as standby counsel.[1] Mejorado, now pro se, next moved to suppress his post-arrest statements and argued in favor of the motion at the evidentiary hearing. The court denied the motion and admitted the statements. At trial, Mejorado allowed Reyna to defend him, and the jury returned a guilty verdict. Mejorado underwent a third competency examination before sentencing, and was again deemed competent. Judge Head sentenced him to 120 months of imprisonment.

It is well-established that a defendant's decision to represent himself must be made knowingly and voluntarily. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975). The district court is responsible for ensuring that the waiver of counsel is not the result of coercion or mistreatment, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the dangers and disadvantages of self-representation. *United States v. Joseph*, 333 F.3d 587, 590 (5th Cir. 2003). To make this determination, the court must consider, *inter alia*, "defendant's age, education, background, experience, and conduct." *Id.*

---

[1] Mejorado mentions that the court violated his Fifth and Sixth Amendment rights by preventing him from consulting with Renya during the suppression hearing, but fails to adequately brief this assertion. The closest that Mejorado comes to arguing the point is the Delphic reference in his reply brief to *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944 (1984). Mejorado, however, does not explain how *McKaskle*, which held that a defendant's Sixth Amendment right are not violated when a trial judge appoints standby counsel, or any other case or authority supports his view. Accordingly, the issue is waived. *United States v. Bailentia*, 717 F.3d 448, 449 (5th Cir. 2013) (holding that an inadequately briefed assertion is waived on appeal), *cert. denied*, 134 S. Ct. 543 (2013); FED. R. APP. P. 28(a)(8) (requiring that an issue raised on appeal be supported by contentions, reasons, and citations).

No. 13-41091

It is impossible to read the *Faretta* transcript here and not conclude that Mejorado was aware of what he was doing when, against the repeated warnings of Judge Head, he waived his right to counsel. Judge Head conducted a thorough inquiry that tracked the controlling authorities as well as the recommended colloquy set forth in the BENCHBOOK FOR U.S. DISTRICT COURT JUDGES § 1.02(C) (6th ed. 2013). Through a series of incisive questions, the court ascertained that Mejorado was not coerced into proceeding pro se and knew the risks associated with representing himself in a drug possession prosecution. To ensure that Mejorado appreciated the perils of self-representation, Judge Head pointedly asked Mejorado if he had ever needed to undergo an operation, and whether he had a doctor perform the surgery. When Mejorado answered both questions affirmatively, the court noted that trying a case pro se was equivalent to performing an operation on oneself. Judge Head also made certain that Mejorado understood exactly the kind of representation that he was waiving. The court examined Reyna about his trial experience in Mejorado's presence, and then contrasted Reyna's extensive criminal defense background with Mejorado's complete lack of experience and background in criminal litigation. On several occasions, the court strongly admonished Mejorado in the simplest terms that proceeding without counsel was a very bad idea. Judge Head advised Mejorado that he had a better chance of acquittal with Renya defending him, and that he had not seen a *single* criminal defendant proceed pro se during his 31 years as district court judge. Throughout the hearing, Mejorado made comments to the effect that he understood the dangers and practical challenges of self-representation, but still desired to proceed pro se. In sum, the court's *Faretta* inquiry clearly establishes that Mejorado's waiver of counsel was knowing and voluntarily.

4

No. 13-41091

Mejorado argues that the district court's ruling conflicts with *Indiana v. Edwards,* 554 U.S. 164, 128 S. Ct. 2379 (2008).  In *Edwards*, the Supreme Court held that a State could insist that a criminal defendant with sufficient mental competence to stand trial must proceed with counsel where the defendant lacks the mental capacity to conduct his own trial defense.  *Id.* at 174, 128 S. Ct. at 2385-86.  The defendant in *Edwards* was found to suffer from mental illness, delusional thinking, and for a time was deemed incompetent to stand trial.  *Id.* at 167-68, 128 S. Ct. at 2382.  Here, each of the experts who examined Mejorado found him not to have any mental illness, but to have been malingering and intentionally appearing less intelligent to avoid punishment. Thus, the present case is distinguishable from *Edwards*.

**AFFIRMED**