# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41320
No. 15-41322
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

VICTOR MANUEL GARCIA-VARGAS,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-220-1
USDC No. 5:09-CR-686-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On the ground that he was incompetent to stand trial, Victor Garcia-Vargas challenges his conviction of attempted illegal reentry and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation of his supervised release.  He contends that the district court erred in crediting the opinion of the government's expert on whether he "suffered from delusional disorder or merely held a strong belief" that his lawful-permanent-resident status was erroneously revoked because of a wrongful state drug conviction.

Whether Garcia-Vargas was suffering from delusional disorder is irrelevant, however, if he was both able to understand the nature and consequences of the proceedings and had sufficient present ability to assist counsel in his defense with a reasonable degree of rational understanding.  *See Moody v. Johnson*, 139 F.3d 477, 481 (5th Cir. 1998); 18 U.S.C. § 4241; *see also Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 951 (2015) ("A defendant can be both mentally ill and competent to stand trial.").  The parties agreed that Garcia-Vargas was able to understand the nature and consequences of the proceedings, but they disputed whether he had sufficient present ability to assist counsel.  As explained below, the finding of such ability was not clearly arbitrary or unwarranted.  *See United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2013).  Accordingly, we do not reach Garcia-Vargas's arguments concerning his alleged delusional disorder.

To the extent Garcia-Vargas challenges the opinions of the government's expert generally based on the number of interviews and tests conducted, we find no authority for his claim that the doctor's two personal interviews of the defendant and close supervision of two or three other interviews by a psychology intern, along with the administration of a test evaluating the defendant's intellectual functioning, were insufficient to reach an opinion on competency.  Indeed, Garcia-Vargas was interviewed by his own expert only once, for an hour.

2

No. 15-41320
No. 15-41322

We are also unconvinced by Garcia-Vargas's reliance on the record from his 2009 illegal-reentry case. According to him, the district court and the government's expert failed to give adequate weight to evidence from the earlier case purportedly showing that he lacked the ability to assist counsel. But the district court found in the 2009 case that, although Garcia-Vargas was "somewhat confused" and required "a little bit longer to explain certain things," a competency hearing was unnecessary. The court observed that Garcia-Vargas presented not "a competency issue but an obstinacy one," and his attorney agreed.

Garcia-Vargas did not challenge the ruling on appeal. Likewise, to the extent the record shows that he insisted on disputing his prior conviction against the advice of counsel, his refusal to cooperate with counsel did not rise to the level of incompetence. *See United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011). Finally, to the extent that he relies on events that occurred after the competency determination, he did not move for a new competency hearing in light of those events and does not claim that the court erred by failing to conduct a new hearing *sua sponte*.

AFFIRMED.