# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30962
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN CAVALIER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-146-1

Before WIENER, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brian Cavalier appeals his conviction and the 92-month sentence imposed after he pleaded guilty to two counts of making threats by mail. Cavalier contends that the district court erred in relying on the testimony of Dr. Joseph Zonno, a forensic psychologist, to determine that Cavalier was competent to stand trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30962

Despite the existence of an unambiguous waiver of appeal provision in his written plea agreement, we shall consider Cavalier's challenge to the district court's competency determination because it affects the validity of the plea agreement itself. *See United States v. Harrison*, 777 F.3d 227, 233-34 (5th Cir. 2015). We shall not disturb the district court's competency determination absent a finding that the decision was "clearly arbitrary or unwarranted." *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011) (internal quotation marks and citations omitted).

Cavalier argues that the district court gave too much weight to Dr. Zonno's report and testimony because they lacked an adequate evidentiary basis given Dr. Zonno's inadequate interview process and failure to administer any objective tests personally. Contrary to Cavalier's assertions, the district court based its determination that Cavalier was presently able to understand the nature of the proceedings against him and to assist his attorney on sufficient evidence. *See id.* (noting that when evaluating competency, a district court can consider, among other things, its own observations of the defendant; medical testimony; and the observations of others who have interacted with the defendant). That evidence consisted of (1) testimony from two competency hearings; (2) the testimony of Dr. Zonno, who based his analysis on (a) a three-hour personal evaluation of Cavalier, (b) the observations of other medical, correctional, and mental health staff who interacted with Cavalier and observed him for approximately four months during his stay at a federal medical center, (c) ongoing clinical interviews, (d) ongoing behavioral observations, (e) a physical examination, and (f) various collateral sources, including records from Cavalier's previous legal proceedings and the results of objective tests administered by Dr. Jeremiah Dwyer during Cavalier's initial forensic evaluation; and (3) the testimony and analysis of Dr. Dwyer.

No. 16-30962

Dr. Dwyer had diagnosed Cavalier with malingering, one essential feature of which included the intentional exaggeration of psychological or physical symptoms, motivated by external incentives such as evading criminal prosecution. Dr. Dwyer expressed a strong suspicion that Cavalier was competent but stopped short of making an overt declaration because Cavalier had not made a formal display of competency during the short evaluation period. Dr. Dwyer recommended a period of restoration at a federal medical center where professionals could make more detailed and personal observations of Cavalier on a daily basis.

Dr. Zonno also diagnosed Cavalier with malingering, but was unable to administer any objective tests personally because Cavalier selectively stopped cooperating with him. The mere failure to cooperate does not render a defendant incompetent, and the presence of reliable grounds to believe that the defendant is malingering is sufficient to support the court's belief that the defendant is intentionally and selectively not cooperating and is not incompetent. *See Simpson*, 645 F.3d at 306-07.

As noted, Cavalier spent approximately four months at the federal medical center, and Dr. Zonno had sufficient observational and collateral information with which to complete an analysis. As Cavalier concedes, there is no minimum required number of hours or number of interviews in which a medical professional must engage with a patient before his expert opinion is acceptable. Neither is there a prohibition against medical professionals interpreting the results of objective tests administered by other medical professionals. The district court could properly consider Dr. Zonno's testimony when making its determination. *See Simpson*, 645 F.3d at 306-07 (noting that the district court may rely on medical evidence, such as expert testimony, to

reconstruct defendant's mental state) (internal quotations and citations omitted).

Inasmuch as the district court held two competency hearings and considered expert medical testimony and considered the results of numerous objective tests and reports detailing the observations of several medical and mental health professionals, its competency decision was neither unwarranted nor clearly arbitrary. *See Simpson*, 645 F.3d at 306-07; *United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003). The judgment of the district court is AFFIRMED.