# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO ORTIZ-NAJERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-109-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Following Rodrigo Ortiz-Najera's guilty plea conviction for illegal reentry following deportation, the district court imposed a sentence of 17 months of imprisonment—10 months above the top of the advisory guidelines range—to be followed by a one-year term of supervised release. As a standard condition of supervised release, the district court required Ortiz-Najera to permit a probation officer to visit him at any time at home or elsewhere and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permit confiscation of any contraband observed in plain view by the probation officer. Ortiz-Najera argues that his prison sentence is substantively unreasonable and that the standard visitation condition is procedurally and substantively unreasonable and is unconstitutional under the Fourth Amendment.

Appellate courts review sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). The court must first ensure that the sentencing court committed no significant procedural error. *Id*. If the district court's decision is procedurally sound, the court will then "consider the substantive reasonableness of the sentence" under an abuse-of-discretion standard. *Id.*

As a threshold matter, our review of the record persuades us that the district court imposed an upward variance under 18 U.S.C. § 3553(a) rather than an upward departure under U.S.S.G. § 4A1.3. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Accordingly, we disregard Ortiz-Najera's argument that the district court failed to consider the commentary to § 4A1.3. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

The district court heard and implicitly considered defense counsel's mitigation arguments and Ortiz-Najera's allocution. *See United States v. Bailentia*, 717 F.3d 448, 450 (5th Cir. 2013). However, the district court disagreed with Ortiz-Najera's characterization of his criminal history and repeated illegal reentries, citing a pattern of assaultive conduct that resulted in significant physical injuries to family members, the sentencing leniency he had received for his assault and theft convictions, and his repeated disregard of laws prohibiting his reentry (for which he had received no punishment). The district court could permissibly conclude that those aggravating factors outweighed Ortiz-Najera's proffered mitigating factors and that an upward

No. 18-11331

variance was necessary to provide just punishment, to deter future criminal conduct, and to protect the public. *See United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013). Ortiz-Najera offers no discernible argument challenging the extent of the variance, and thus we do not reach that issue. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

Because review is for plain error, Ortiz-Najera's reasonableness and constitutional challenges to the standard visitation condition are foreclosed by this court's opinion in *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019).

AFFIRMED.