# United States Court of Appeals
# for the Fifth Circuit

No. 23-11226
CONSOLIDATED WITH
No. 24-10101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM MORRIS RISBY,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:23-CR-99-1, 3:23-CR-99-1

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

William Morris Risby pled guilty to retaliating against a federal officer or employee by false claim, in violation of 18 U.S.C. § 1521, and was sentenced to 78 months in prison. Although represented by appointed counsel, Risby filed a pro se motion to withdraw his guilty plea prior to its

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

acceptance. The district court found that the motion was not properly before it and accepted Risby's guilty plea. Prior to sentencing, Risby filed a counseled motion to proceed pro se, which was denied following a hearing held pursuant to *Faretta v. California*, 422 U.S. 806 (1975).

Risby argues that that the district court erred by not considering the merits of his pro se motion to withdraw his plea. He further asserts that the court erred because he had an absolute right to withdraw his guilty plea before it was accepted pursuant to Federal Rule of Criminal Procedure 11(d)(1). Finally, he contends that the district court erred by not granting the counseled motion to proceed pro se that he filed prior to sentencing.

Regarding Risby's first argument, we review "the district court's administrative handling of a case" for abuse of discretion. *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002). "An abuse of discretion occurs where the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (citation and internal quotation marks omitted).

While a defendant has a right to proceed pro se at trial, "[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel." *United States v. Long*, 597 F.3d 720, 723–24 (5th Cir. 2010). Considering the record and arguments, we conclude the district court did not abuse its discretion by declining to consider Risby's pro se motion to withdraw his guilty plea. *See Tollett*, 285 F.3d at 363.

To the extent Risby contends the court should have granted his motion because he had an absolute right to withdraw his plea, we review for plain error. *See United States v. Sanders*, 843 F.3d 1050, 1054 (5th Cir. 2016). Risby has failed to show clear or obvious error in the denial of his pro se motion while he was represented. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Finally, we review the denial of a defendant's motion to proceed pro se *de novo*. *See United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003). Risby failed to make a clear and unequivocal request to represent himself at any point, and his obstructive and uncooperative behavior could be deemed a waiver of his right. *See Long*, 597 F.3d at 725–29. Risby effectively concedes this result. Thus, the district court did not err by denying his motion.

The judgment of the district court is AFFIRMED.