**Alva E. CURRY, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 75–3181**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 14, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Alva E. Curry, pro se.

John L. Hill, Atty. Gen., Dunklin Sullivan, Austin, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges:

PER CURIAM:

The sole issue meriting discussion in this habeas case is whether the petitioner's mental competency to plead was properly resolved in accordance with the standards of *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). In 1972, Alva E. Curry, represented by court-appointed counsel, pled guilty to rape in Texas state court and received a sentence of 5–15 years. Before accepting the plea, the court advised Curry of the consequences of his action and asked several questions directed toward ascertaining whether the plea was freely and voluntarily given. The state transcript reveals that after entering his plea, Curry was asked by the court if he had anything to say as to why sentence should not be imposed. His response was the one word, "Insanity." At this point, Curry's counsel explained to the judge that although his client was in need of medical treatment, he believed him to be presently sane. The state then introduced letters from two psychiatrists who had examined and found petitioner competent to stand trial and legally sane at the time of the rape. Based on this evidence, the judge allowed the guilty plea to stand. There was no direct appeal.

Curry's pro se habeas petition in the district court generally alleged, *inter alia*, that his plea was involuntary, though not specifically focusing on the competency question. In denying the petition without a hearing, the district court squarely addressed the competency issue and held that petitioner had sufficiently exhausted state remedies on this point. The court then refused to find petitioner's plea involuntary based on the fact that Curry had been represented by reasonably effective counsel at the time of the sentencing. *See Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974).

We agree with the district court's conclusion, but for a different reason. Although the voluntariness of the plea issue is often intertwined with the question of whether defendant was represented by competent counsel, there is an independent duty imposed upon the court to determine if an accused possesses the mental capacity to enter a knowing and intelligent plea. We recognized in *Carroll v. Beto*, 421 F.2d 1065, 1067 (5th Cir. 1970), *cert. denied*, 405 U.S. 1030, 92 S.Ct. 1299, 31 L.Ed.2d 448 (1972), that unlike other nonjurisdictional defects, a claim of mental incompetency renders the plea involuntary and so cannot be waived by entry of the plea.

Although a person who asserts incompetency at the time of arraignment cannot be held to have waived any right to challenge that plea on incompetency grounds by the mere entry of the plea, petitioner here cannot succeed on the merits of his claim. *Pate v. Robinson* requires that where there is a sufficient doubt of an accused's competency, the state must hold an adequate hearing to resolve that doubt. Due process, however, does not mandate a full-blown hearing every time there is the slimmest evidence of incompetency. *See United States ex rel. Roth v. Zelker*, 455 F.2d 1105 (2d Cir. 1972).

In today's case, the sentencing court was put on notice of a possibility of an impediment to proceeding by Curry's cryptic "insanity" statement coupled with his attorney's remark as to Curry's need for medical treatment. Had the court done nothing to assuage the doubts as to Curry's competency which would have lingered at this point, this would be a different case in light of *Pate*. The court, however, did not ignore the problem but instead undertook to resolve the doubt by questioning Curry's counsel and examining documentary psychiatric evidence presented by the state. All the facts available at that time tended to show that Curry was capable of understanding the legal proceedings.

To hold that the circumstances of this case imposed a duty on the court to order a competency hearing *sua sponte* would go beyond the dictates of *Pate*. Its requirements are for procedures that are "adequate" to resolve the issue raised. The standard flexes with the fact matrix in which it arises. Such doubt of Curry's competency as he created with his single word was amply resolved by the court's colloquy with appointed counsel and by the reception of the documentary evidence.

Curry also complains of (1) illegal arrest; (2) denial of counsel at a line-up; (3) denial of constitutional rights including the right to be brought before a magistrate; (4) deni-al of examination before grand jury; (5) denial of a preliminary hearing; (6) denial of trial by jury; (7) denial of effective counsel; (8) insufficient evidence. These contentions are all without merit.

AFFIRMED.