UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph HOROVITZ, Defendant-Appellant.

No. 76–3287.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1978.

Melvyn Kessler, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U.S. Atty., Michael A. LeVota, Sp. Atty., U.S. Dept. of Justice, Atlee W. Wampler, III, Strike Force Chief, U.S. Dept. of Justice, Miami, Fla., James Roland DiFonzo, App. Sec., Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before BROWN, Chief Judge, RONEY and FAY, Circuit Judges.

PER CURIAM:

We remanded this case to the District Court for further factual determinations, following appropriate evidentiary hearings. *United States v. Horovitz*, 5 Cir., 1978, 565 F.2d 1295. Those hearings having been held and the factual determinations having been made and certified to us, we now affirm the decision of the District Court sentencing Joseph Horovitz to two years' imprisonment.

Horovitz was indicted for conspiring to transport automobiles in interstate commerce, 18 USCA §§ 371, 2312, and for receiving a stolen automobile knowing that it had been stolen, 18 USCA §§ 2, 2313. Horovitz initially pleaded not guilty to both charges, but he subsequently entered a guilty plea on the substantive count and the conspiracy count was dismissed. When, at the change of plea hearing, the District

Judge asked Horovitz if he and the Government had made any agreements with respect to the sentence the Government would request, Horovitz stated that the Government had agreed *to recommend probation.* Later, however, at the sentencing proceeding itself, the Government told the District Judge that its plea agreement was *not to oppose probation.*[1] On appeal, after the District Judge sentenced Horovitz to a term of imprisonment, Horovitz asserted that the Government had breached its plea bargain. We remanded the case to the District Court to resolve this factual dispute and determine which version of the plea bargain was accurate—*i. e.,* to determine whether the Government had agreed to recommend probation or merely to withhold opposition to probation.

Following our remand, the District Court held two evidentiary hearings. At the first of these, the prosecuting attorney testified unequivocally that the Government had never agreed to recommend probation. His testimony was corroborated by his superior, who stated that no such recommendation had been authorized. Significantly, appellant Horovitz and his brother also testified

that the Government had agreed not to oppose probation, but they indicated that they interpreted this agreement to be the equivalent of a recommendation of probation. At the second hearing, Horovitz's attorney reaffirmed his position that the Government had agreed to recommend probation.[2]

■ On the basis of these hearings, the District Judge found that of the two conflicting versions of the plea bargain agreement, the Government's version is the correct one. As this finding is not clearly erroneous, we affirm Horovitz's sentence.[3]

AFFIRMED.

---

1. Neither the Government (at the change of plea hearing) nor the appellant (at the sentencing proceeding) contested or objected to the other party's characterization of their plea agreement.

2. Horovitz's attorney also explained that the reason he failed to object to the Government's statement at sentencing that its plea agreement was not to oppose probation, see note 1, *supra,* was that "at the time I probably just either misunderstood or it just went over me."

3. At the end of the second evidentiary hearing conducted on remand, the District Judge expressed concern that both Horovitz's attorney and his brother had represented Horovitz as having limited facilities of comprehension and communication. The District Judge accordingly asked Horovitz's attorney if he had considered requesting a hearing regarding Horovitz's mental competence prior to entry of the guilty plea. The attorney responded to the District Judge's concerns thus:

I felt that Mr. Horovitz was not incompetent in any respect; he was neither mentally incompetent, nor physically incompetent. * * He understands, Judge; it is not a question that he doesn't understand. It is just that

you have to keep after him and talk to him and explain to him.

Although Horovitz's attorney minimized the issue before the District Court, he now magnifies it on appeal and contends that the District Judge did not comply with the procedural requirements mandated by *Pate v. Robinson,* 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, once sufficient doubt is raised as to a defendant's mental competence. We hold, however, that in light of the response made to the District Judge's concerns, further proceedings with regard to Horovitz's competence were not required by *Pate* and principles of due process. The circumstances of this case are similar to those in *Curry v. Estelle,* 5 Cir., 1976, 531 F.2d 766, in which we said, as adapted to the argument now before us:

To hold that the circumstances of this case imposed a duty on the court to order a competency hearing *sua sponte* would go beyond the dictates of *Pate.* Its requirements are for procedures that are "adequate" to resolve the issue raised. The standard flexes with the fact matrix in which it arises. Such doubt of [Horovitz's] competency as [was] created * * * was amply resolved by the court's colloquy with * * * counsel.
*Id.* at 768.