Freddie HOLMES, Petitioner-Appellant,

v.

John T. KING, Secretary, Department of
Corrections, and William J. Guste, Jr.,
Attorney General, State of Louisiana,
Respondents-Appellees.

No. 82–3450.

United States Court of Appeals,
Fifth Circuit.

July 18, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 6, 1983.

Freddie Holmes, pro se.

Frank A. Silvestri, New Orleans, La. (Court-appointed), for petitioner-appellant.

E. Kay Kirkpatrick, Asst. Dist. Atty., Ossie B. Brown, Dist. Atty., William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, La., for respondents-appellees.

Before BROWN, REAVLEY and RANDALL, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Freddie Holmes, an inmate at the Louisiana State Penitentiary, collaterally attacks his 1979 conviction for armed robbery. He asserts that his mental condition at the time of trial prevented him from understanding the charges against him or assisting in his defense. He further contends that the state trial court failed to conduct an adequate competency hearing. The district court denied the petition without a hearing. We affirm.

## I. The Factual Background

The charges against Holmes arose out of the robbery at gunpoint of a Burger King restaurant in East Baton Rouge. A restaurant employee phoned police during the robbery, and Holmes was arrested within minutes. Several eyewitnesses identified Holmes at the scene of the robbery shortly after his arrest.

During pretrial incarceration the defense moved for a psychiatric examination, and the state trial court appointed a sanity commission to examine Holmes. Dr. Fransico Silva, a psychiatrist, and Dr. Hypolite Landry, the Parish coroner, interviewed Holmes and recommended commitment for further observation. After receiving the report, the state trial court held a sanity hearing. Drs. Silva and Landry testified that Holmes had been so uncooperative during the psychiatric interviews that they were unable to determine whether he was competent to stand trial. Both physicians, however, acknowledged that Holmes might be "malingering." The doctors agreed that they would have to observe Holmes further to decide whether his alleged mental disorder was genuine or feigned.

On his own initiative the state trial judge called Holmes as a witness. He examined Holmes and allowed defense counsel to ask questions. At the close of the testimony, the state judge decided that further observation was unnecessary. He found that Holmes was merely feigning a mental disorder, and assigned the case for trial.

At trial Holmes did not dispute the commission of the crime. Instead, Holmes argued that he was insane at the time of the offense as a result of injecting preludin, an amphetamine that can cause toxic psychosis if taken in massive doses. The jury found Holmes guilty and the Louisiana Supreme Court affirmed his conviction. *See State v. Holmes,* 393 So.2d 670 (La.1981).

## The Constitutional Right

Due Process prohibits the conviction of an accused who lacks mental competence to stand trial. *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966). An accused must have both

"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "a rational as well as factual understanding of the proceedings against him." *Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975) (quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam)). As a corollary to this substantive right, a state must afford procedures adequate to guard an accused's right not to stand trial or suffer conviction while incompetent. *Drope,* 420 U.S. at 172, 95 S.Ct. at 904; *See Pate,* 383 U.S. at 385, 86 S.Ct. at 842.

Different standards govern the substantive and procedural dimension of the right not to be tried while incompetent. To show a substantive violation, an accused must prove an inability either to comprehend or participate in the criminal proceedings. To obtain a habeas corpus hearing on a substantive claim, the accused must offer clear and convincing evidence to raise a threshold doubt about competency. *Lokos v. Capps,* 625 F.2d 1258, 1261 (5th Cir.1980). To show a procedural violation, the accused must point to evidence before the trial court that raised a bona fide doubt about competency. Once such a doubt is known to the trial court, it must conduct an adequate hearing. *See Pate v. Robinson,* 383 U.S. at 385, 86 S.Ct. at 842.

Holmes places his principal reliance on a procedural violation under *Pate,* contending that upon the report of the sanity commission, the trial court bore a constitutional duty to conduct a full competency hearing. Holmes argues that the court had only inconclusive psychiatric evidence and could not by a sua sponte examination provide an adequate basis to reject the expert medical opinion which recommended further evaluation. Holmes also contends that the court violated the privilege against self incrimination by compelling his testimony at the hearing, which rendered the court's finding unconstitutional.

### The *Pate* Issue

We have acknowledged that the fact finding process under *Pate* must rest on procedures and evidence "sufficient to permit a trier of fact reasonably to assess an accused's competency against prevailing medical and legal standards." *Fulford v. Maggio,* 692 F.2d 354, 361 (5th Cir.1982), *rev'd on other grounds,* —— U.S. ——, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983). The adequacy of the procedures, however, varies according to the "fact matrix." *Curry v. Estelle,* 531 F.2d 766, 768 (5th Cir.1976). We have never suggested that a state court must conduct "a full-blown competency hearing everytime there is the slimmest evidence of incompetency." *Id; see United States v. Horovitz,* 584 F.2d 682, 683 n. 3 (5th Cir.1978).

At the state hearing the doctors reported the following indications of incompetency: (1) Holmes either did not respond to questions or responded irrelevantly; (2) Holmes stated that he was charged with indecent exposure; (3) Holmes had stated that he exposed himself after injecting preludin; and (4) Holmes stated that his neighbors were plotting against him. The psychiatrist concluded that "if [Holmes] behaved with his counsel the way he behaved with me, obviously, he could not assist counsel."

Other evidence at the hearing, however, militated against a finding of incompetency. Defense counsel did not report difficulty communicating with Holmes. Counsel stated that Holmes had cooperated with him, and had supplied his wife's address along with information about his past history. Counsel complained only that Holmes had given him no details about the crime. Holmes was able to respond to questions from the court. Although Holmes exhibited a failure of memory on some subjects and expressed fears about plotting neighbors, he detailed alleged physical abuse by the arresting officers. Holmes was also able to recall his drug abuse.

In concluding that Holmes was feigning mental illness, the court cited several reasons. First, the court noted Holmes's extensive criminal record and inferred from it Holmes's sophistication concerning criminal proceedings. Second, the court observed that Holmes exhibited selective recall; he

could remember the basis of his defense, preludin abuse, but not the charges against him. Finally, the court stated that Holmes's attitude and demeanor during his testimony evinced deliberate malingering designed to delay prosecution.

We see no fault in the procedure or decision of the state court. There is no suggestion that Holmes has any history of mental illness. Holmes did not exhibit at any time the type of bizzare behavior that might suggest an unbalanced mind. The psychiatric testimony turned not on the effects of any mental illness upon competency, but on Holmes's sincerity. Credibility determinations do not necessarily require psychiatric evaluation.

■ We have never suggested that a trial court lacks discretion to determine the competency of an accused without the support of expert medical opinion. *See, Fulford v. Maggio,* 692 F.2d at 361 n. 6; *Curry v. Estelle,* 531 F.2d at 768. Indeed, we have upheld a competency determination that pitted lay evidence against contrary expert testimony. *See White v. Estelle,* 669 F.2d 973, 977–78 (5th Cir.1981). In *Fulford,* the Supreme Court has emphasized that we should accept the state court's evaluation of competency unless that evaluation is not "fairly supported by the record." —— U.S. at ——, 103 S.Ct. at 2264 (quoting 28 U.S.C. § 2254(d) (1976)). Here, we find ample support for the trial court's reasons.

■ We cannot agree with Holmes that the trial court undercut the validity of the hearing by calling him to the stand. The Fifth Amendment privilege against self incrimination does not prohibit examination of an accused for the purposes of a routine competency determination. *See Estelle v. Smith,* 451 U.S. 454, 465, 101 S.Ct. 1866, 1874, 68 L.Ed.2d 359 (1981); *French v. Blackburn,* 428 F.Supp. 1351, 1358–59 (M.D. N.C.1977), *aff'd,* 443 U.S. 901, 99 S.Ct. 3091, 61 L.Ed.2d 869 (1979); *cf. United States v. Leonard,* 609 F.2d 1163, 1165 n. 3 (5th Cir. 1980) (no Fifth Amendment violation where any evidence concerning merits of defense can be suppressed). Eliciting responses from Holmes for purposes of deciding the competency issue was permissible where the prosecution made no use of those statements during the trial.

### The Substantive Claim

The claim of incompetency in fact requires little discussion. A review of the trial transcript reveals no inability on Holmes's part to participate in his defense. In a remarkable reversal of form, Holmes testified coherently on his own behalf. That testimony moved Dr. Landry to remark that there was "no comparison" between Holmes's behavior during the psychiatric examination and at trial.

■ The only evidence suggesting reduced capacity at trial derived from Holmes's testimony concerning his memory loss and drug abuse. Amnesia, even, is not equated with incompetency. *See United States v. Swanson,* 572 F.2d 523, 526 (5th Cir.1978). Nor does evidence of drug addiction require that one be found incompetent. *See Warren v. United States,* 488 F.2d 862, 863 (5th Cir.1974). The Louisiana Supreme Court found that Holmes's performance at trial belied incompetency. *Holmes v. State,* 393 So.2d at 674. We accord deference to that conclusion. *See Maggio v. Fulford,* —— U.S. at ——, 103 S.Ct. at 2264; 28 U.S.C. § 2254(d).

AFFIRMED.