**Derek Radi DIGGS, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. A–10744.

Court of Appeals of Alaska.

April 13, 2012.

Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner.

James Fayette, Assistant District Attorney, District Attorney's Office, Anchorage, and John J. Burns, Attorney General, Juneau, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

***OPINION***

COATS, Chief Judge.

Derek Radi Diggs has been charged with two counts of assault in the second degree.[1] Because Diggs had a history of mental illness, his attorney expressed concerns about Diggs's competency and requested a competency evaluation. District Court Judge John R. Lohff ordered the evaluation. Diggs was evaluated several times by a psychiatrist, Dr.

---

**1.** AS 11.41.210(a)(1).

Lois Michaud, who submitted reports consistently concluding that Diggs was not competent to stand trial.

The State requested a hearing to contest Dr. Michaud's opinion that Diggs was not competent to stand trial. Judge Lohff granted the motion. Dr. Michaud testified at the hearing. At the hearing, the State announced that it intended to call Diggs as a witness. After receiving briefing and argument on the issue, Judge Lohff granted the State's motion to call Diggs as a witness. Judge Lohff concluded that it would not violate Diggs's rights against self-incrimination if Diggs was called to the stand, so long as his statements at the competency hearing were used only for the purpose of determining his competency and were not admissible at trial. Diggs then petitioned this court to review this decision.

We conclude that requiring Diggs to testify at his competency hearing would violate his right under the Fifth Amendment to the United States Constitution and article I, section 9 of the Alaska Constitution not to take the stand against his will. We accordingly reverse Judge Lohff's decision.

*A brief background of the Alaska statutes governing a defendant's competency to stand trial*

■ It is a violation of due process to try or convict a defendant who is legally incompetent.[2] This constitutional principle is codified in Alaska Statute 12.47.100(a): A defendant who is incompetent, because he cannot understand the proceedings against him or assist in his own defense, "may not be tried, convicted, or sentenced for the commission of a crime so long as the incompetency exists."

The remainder of this statute governs the procedures used when a defendant is sus-pected to be incompetent. If either attorney has reasonable cause to believe that the defendant is sufficiently incompetent to be unable to understand the proceedings or to assist in his defense, "the attorney may file a motion for a judicial determination of the competency of the defendant."[3] Either upon such a motion, or acting sua sponte, the court "shall have the defendant examined by at least one qualified psychiatrist or psychologist, who shall report to the court concerning the competency of the defendant."[4] The court may order the defendant committed for purposes of this examination.[5]

If the examiner's report indicates that the defendant is incompetent, the court shall hold a hearing.[6] At this hearing, the statute provides, "evidence as to the competency of the defendant may be submitted, including that of the reporting psychiatrist or psychologist."[7] Prior to this hearing, the State may request that the defendant undergo an additional evaluation by a psychiatrist or psychologist designated by the State.[8] At the hearing, the court shall enter findings as to the defendant's competence.[9]

Alaska Statute 12.47.100(d) provides that "[a] statement made by the defendant in the course of an examination into the person's competency ... may not be admitted in evidence against the defendant on the issue of guilt in a criminal proceeding unless the defendant later relies [on a defense of insanity or mental disease or defect]."

*Why we conclude that requiring Diggs to take the stand against his will at the competency hearing would violate the Fifth Amendment to the United States Constitution and article I, section 9 of the Alaska Constitution*

The Fifth Amendment provides, "No person ... shall be compelled in any criminal

---

**2.** U.S. Const. amend. V, XIV; Alaska Const. art. I, § 7; *Medina v. California*, 505 U.S. 437, 448–49, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992); *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Fajeriak v. State*, 520 P.2d 795, 801 (Alaska 1974).

**3.** AS 12.47.100(b).

**4.** *Id.*

**5.** *Id.*

**6.** *Id.*

**7.** *Id.*

**8.** *Id.* The State does not appear to have requested this additional evaluation in Diggs's case.

**9.** *Id.*

case to be a witness against himself." Article I, section 9 of the Alaska Constitution contains this same protection, except that the Alaska Constitution substitutes "criminal proceeding" for "criminal case."

There are two aspects to this constitutional protection. The first is a right against self-incrimination: not to be forced to answer inquiries under oath when the answers will be self-incriminating. This right against self-incrimination applies not just to the defendant in a criminal case, but to all witnesses who are compelled to testify in any proceeding. But there is a second aspect of the constitutional protection that applies only to defendants in criminal proceedings: they may not be called to the stand against their will.

As Professors LaFave, Israel, King, and Kerr have explained in their treatise on criminal procedure:

[T]he constitutional privilege against self-incrimination has been interpreted by the [Supreme] Court to be much broader than [the] words [of the Fifth Amendment] would suggest.... [The] assertion of the privilege is not limited to defendants, nor is it limited to criminal trials. However, the Court has interpreted the privilege to have special meaning in a criminal trial as it relates to the defendant. The privilege entitles a witness not to answer specific questions posed ... in any ... proceeding where he is under compulsion to answer, if his answers would furnish a "link in the chain of evidence" needed to prosecute him for a criminal offense. The privilege entitles the criminal defendant, in contrast, to even avoid appearing as a witness. The right of the defendant is not only to avoid being compelled to give incriminating responses to particular inquiries, but to re-sist being placed in a position where inquiries can be put to him while he is under oath.[10]

A defendant's protection against being called to the stand against his will applies not just to the trial, but to other stages of a "criminal case" (in the words of the Fifth Amendment), and to other stages of a "criminal proceeding" (in the words of article I, section 9 of the Alaska Constitution).[11]

The United States Supreme Court long ago explained the reason for a broad reading of this aspect of the Fifth Amendment:

It is not every one who can safely venture on the witness stand, though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offences charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove prejudices against him.[12]

In the present case, there is no question that the State seeks to compel Diggs to take the stand against his will. The remaining issue, under the Fifth Amendment, is whether a competency hearing is part of a "criminal case" for Fifth Amendment purposes.

*McCormick on Evidence* cites only one federal case that has attempted to define the scope of "criminal case" for this purpose.[13] That case is *Chavez v. Martinez.*[14] In *Chavez,* the United States Supreme Court stated that there is no "criminal case" until "at the very least[,] ... the initiation of legal proceedings."[15] Under this definition, a competency proceeding following the initiation of criminal proceedings would qualify as part of a "criminal case."

**10.** 6 Wayne R. LaFave et al., *Criminal Procedure* § 24.5(a), at 424 (3rd ed.2007) (citation omitted).

**11.** *Estelle v. Smith,* 451 U.S. 454, 463, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) (noting that "[a]ny effort by the State to compel [the defendant] to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment").

**12.** *Wilson v. United States,* 149 U.S. 60, 66, 13 S.Ct. 765, 37 L.Ed. 650 (1893).

**13.** 1 *McCormick on Evidence* § 117, at 520 (Kenneth S. Broun ed., 6th ed. 2006).

**14.** 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003).

**15.** *Id.* at 766–67, 123 S.Ct. 1994 (plurality opinion) (citing *Black's Law Dictionary* 215 (6th ed. 1990), for definition of "case" as "an action, cause, suit, or controversy at law").

Moreover, article I, section 9 of the Alaska Constitution uses slightly different wording: the protection afforded by this section applies to any "criminal proceeding." The minutes of the Alaska Constitutional Convention suggest that the delegates used this wording because they wanted this clause to be interpreted more expansively than its federal counterpart.[16] In particular, the committee drafting this section of our Constitution intended for this phrase to cover even "hearings before any administrative bodies if they were criminal in nature." [17]

In *Scott v. State*,[18] the Alaska Supreme Court relied on this wording to interpret article I, section 9 more broadly than its analogue in the federal Constitution. The issue was the scope of a criminal defendant's protection from compelled pre-trial disclosure of the defense case.[19] The court considered—and rejected—federal precedent on this issue, ultimately holding that the Alaska privilege against self-incrimination prohibits the State from requiring the defense to engage in extensive pre-trial discovery in criminal proceedings.[20] The court stated:

> [T]he stage of the proceedings is irrelevant to the analysis of this constitutional privilege. The fundamental right not to incriminate one's self should apply at every stage of criminal inquiry or proceedings regardless of judge-made exclusionary or evidentiary rules.[21]

Based on this authority, we hold that a competency hearing is part of a "criminal case" under the Fifth Amendment, and also that a competency hearing is a part of a "criminal proceeding" under article I, section 9 of our state Constitution. Accordingly, these constitutional provisions protect Diggs from being called to the stand against his will at his competency hearing.

The State argues that Diggs waived this protection when he placed his competency in issue. The State's argument is based primarily on cases holding that, when the defendant places his mental health at issue, the State may have the right to an independent mental health examination or the right to use any statements the defendant makes during the course of such an examination.[22] These cases do not involve a waiver of the defendant's right to refuse to take the witness stand.

The State cites a single case holding that there was no Fifth Amendment violation when a trial judge questioned a defendant during a competency hearing.[23] But this case does not discuss any of the authorities protecting the defendant's right not to be called as a witness against himself.[24] We are simply unpersuaded that this case establishes that a defendant who raises a competency issue thereby waives his right to refuse to take the stand.

In Alaska, the prosecution has a statutory right to request an additional examination before the competency hearing.[25] This statute provides a fair procedure for the litigation of this issue. But the Constitution does not allow the prosecution to call the defendant to the stand against his will. We therefore conclude that the order allowing the prosecution to call Diggs to the stand violated his fundamental right not to be compelled to be a witness against himself.

**16.** *See* 2 *Proceedings of the Alaska Constitutional Convention* 1282–85 (Jan. 5, 1956), where Delegate Robert McNealy at the Committee on Preamble and Bill of Rights states that this language "expands the latitude" compared to the language of the federal constitution.

**17.** *Id.* at 1283.

**18.** 519 P.2d 774 (Alaska 1974).

**19.** *Id.* at 776–77.

**20.** *Id.* at 785.

**21.** *Id.* at 786.

**22.** *See, e.g., Estelle,* 451 U.S. at 465–66, 101 S.Ct. 1866; *Lewis v. State,* 195 P.3d 622, 633–37 (Alaska App.2008).

**23.** *Holmes v. King,* 709 F.2d 965, 968 (5th Cir. 1983).

**24.** *Id.* at 968.

**25.** *See* AS 12.47.100(b).

*Conclusion*

Because Judge Lohff's order requiring Diggs to testify at his competency hearing violates Diggs's rights under the Fifth Amendment to the United States Constitu-tion and article I, section 9 of the Alaska Constitution, that order is REVERSED.