# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-70025

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2019

Lyle W. Cayce
Clerk

VICTOR HUGO SALDANO,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-193

Before CLEMENT, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Victor Saldaño appeals the district court's denial of his petition for habeas relief. This court previously granted Saldaño a certificate of appealability (COA) on three issues, all related to his competency at his punishment retrial. *Saldano v. Davis*, 701 F. App'x 302 (5th Cir. 2017). We affirm the district court's ruling.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-70025

## FACTS AND PROCEEDINGS

In July 1996, Saldaño was convicted of capital murder and sentenced to death. That sentence was ultimately overturned, and Saldaño was granted a new punishment trial. *See Saldano v. Roach*, 363 F.3d 545 (5th Cir. 2004); *Saldano v. Cockrell*, 267 F.Supp.2d 635 (E.D. Tex. 2003).

The punishment retrial occurred in November 2004, and Saldaño's apparent mental deterioration was an issue throughout. Saldaño engaged in various incongruous behaviors throughout the trial: insisting on wearing jail clothes, reading magazines, repeatedly standing up in front of the jury while shackled, soiling himself, laughing during testimony, and masturbating at least four times. In light of this behavior, Saldaño's counsel had him examined by experts three times, and reported to the trial judge that he had been found competent each time. The judge had numerous in-court dialogues with Saldaño and stated near the end of the proceedings that he had no reason to question Saldaño's competency. Saldaño's attorneys never requested, and the trial judge never ordered, a competency hearing. As at his first trial, Saldaño was sentenced to death.

Saldaño filed a motion for a new trial, which was denied. That denial was upheld on direct appeal. *Saldano v. State*, 232 S.W.3d 77, 82 (Tex. Crim. App. 2007). Saldaño then filed for a writ of habeas corpus in state court, raising a number of grounds for relief. The state court issued 511 findings of fact and conclusions of law and recommended denying relief on all of Saldaño's claims. The Texas Court of Criminal Appeals adopted all the relevant state court findings. *Ex Parte Saldano*, No. WR-41,313-04, 2008 WL 4727540 (Tex. Crim. App. Oct. 29, 2008).

Saldaño then filed his federal habeas petition, raising fifteen claims. The district court denied relief on all of the claims but dismissed without prejudice

## No. 16-70025

Saldaño's claim that he was incompetent to be executed because it was premature. The district court also declined to issue a COA on any of Saldaño's claims. Saldaño appealed, and this court granted a COA as to three claims: (1) whether Saldaño was incompetent to stand trial; (2) whether the trial court should have held a competency hearing; and (3) whether Saldaño's attorneys' failure to request a competency hearing constituted ineffective assistance of counsel. *Saldano,* 701 F. App'x at 316.[1]

## STANDARD OF REVIEW

The district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. *Roberts v. Dretke*, 381 F.3d 491, 497 (5th Cir. 2004). Saldaño's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in relevant part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1] Saldaño has abandoned his first claim regarding actual incompetency. He contends that the now nearly 15-year gap between the trial and any decision on his petition "is too long for a retrospective competency determination" and so "the only issue in the present appeal [aside from the ineffective assistance of counsel claim] is whether the trial court failed in its obligation to *sua sponte* hold a competency hearing." Therefore, this claim will not be addressed. *See Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004) (claims not pursued are deemed abandoned).

No. 16-70025

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A state court's "factual findings are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). Even if reasonable minds "reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (alteration in original) (quotation omitted).

## DISCUSSION

*I. Due Process*

Saldaño contends that he was denied due process when the trial court judge did not *sua sponte* conduct a competency hearing. He argues that the state habeas court's denial of this claim was based on an unreasonable determination of the facts and that the objective evidence presented to the trial court was sufficient to raise a bona fide doubt as to his competency.

It is unconstitutional to try a mentally incompetent individual.[2] *See Indiana v. Edwards*, 554 U.S. 164, 170 (2008). A defendant is incompetent if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

---

[2] We note that Saldaño also brought a habeas claim that he could not be executed because he was incompetent. *See* TEX. CODE CRIM. PROC. ANN. art. 46.05; *Ford v. Wainwright*, 477 U.S. 399, 410 (1986). Both the state habeas and district courts held that this claim was premature because no execution date has been set.

4

No. 16-70025

"A state court must conduct an inquiry into the defendant's mental capacity *sua sponte* if the evidence raises a bona fide doubt as to competency." *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000); *see also Pate v. Robinson*, 383 U.S. 375, 385 (1966). "In determining whether there is a 'bona fide doubt' as to the defendant's competence, the court considers: (1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency." *Mata*, 210 F.3d at 329; *see also Drope*, 420 U.S. at 180. If the court received objective evidence that should have raised a bona fide doubt and failed to make further inquiry, "the defendant has been denied a fair trial." *Mata*, 210 F.3d at 329. The inquiry must only be "adequate . . . to resolve" the question of competency. *Curry v. Estelle*, 531 F.2d 766, 768 (5th Cir. 1976) (per curiam).

Saldaño asserts that there should have been a bona fide doubt as to his competency because of: (1) evidence of his prior irrational behavior while incarcerated; (2) evidence of hospitalizations in the prison psychiatric hospital; (3) his in-court demeanor and behavior; and (4) affidavits from trial observers who were convinced of his incompetence.

Saldaño has failed to offer clear and convincing evidence to rebut the state habeas court's factual determination that there was insufficient evidence to raise a bona fide doubt as to competency. The doctor's affidavit Saldaño relies on as evidence of prior irrational behavior also specifically states that "his mental state did not deteriorate to the level of incompetency." And his behavior on death row before the retrial—including throwing his feces and publicly masturbating—is not conclusive evidence of his ability to understand his trial rationally and factually. Saldaño's hospitalizations are similarly not clear or convincing. He was hospitalized for four months in 2001 following a suicide attempt and was diagnosed with depressive and schizoaffective disorders. Following a second hospitalization in 2003, however, he was

5

discharged with only a diagnosis of antisocial personality disorder. Even if the hospitalizations are evidence of possible mental illness, a "defendant can be both mentally ill and competent to stand trial." *Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014).

Further, evidence of Saldaño's in-court behavior does not rebut the presumption of the correctness of the state court's finding that, after seven weeks of observing and interacting with Saldaño, the trial judge had no reason to question his competency. Importantly, in response to his disruptive and bizarre behavior during the retrial, Saldaño's attorneys had him examined for competency three times; each time he was deemed competent. And defense counsel repeatedly represented to the trial judge that Saldaño was competent. Finally, Saldaño has not rebutted the state court's finding that the after-the-fact affidavits did not provide evidence that would have required a hearing.

The state habeas court's factual determination that there was not sufficient evidence to raise a bona fide doubt as to Saldaño's competency was not unreasonable in light of the evidence presented.

## II. Ineffective Assistance of Counsel

Saldaño contends that his trial attorneys were constitutionally ineffective because they failed to request a competency hearing. To establish ineffective assistance of counsel, Saldaño must show both that his "counsel's performance was deficient" and that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, counsel's performance was deficient only if it "fell below an objective standard of reasonableness." *Id.* at 688. Under the second prong, to show prejudice there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Trial counsel has a duty to investigate "when he has reason to believe that the defendant suffers from mental health problems." *Roberts*, 381 F.3d at 498. A failure to request a competency hearing constitutes deficient performance where "there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency." *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001). To show prejudice, Saldaño must show a reasonable probability that the trial court would have found him incompetent had counsel requested a competency hearing. *Felde v. Butler*, 817 F.2d 281, 282 (5th Cir. 1987).

The state habeas court found that Saldaño was competent to stand trial and that Saldaño's own counsel had conducted contemporaneous expert competency evaluations showing the same, and so any request for a competency hearing would have been futile. Therefore, the attorneys' performance was not deficient. Saldaño argues that, based on the same evidence he relies on for his due process claim, there were sufficient indicia of incompetence to give objectively reasonable counsel doubt as to his competency. We have already held that this evidence is insufficient to rebut the state habeas court's findings concerning the trial judge. It is similarly insufficient with respect to Saldaño's counsel. Saldaño has not shown that the state habeas court's determination that his attorneys' performance was not deficient was unreasonable in light of the evidence presented.

## CONCLUSION

The district court correctly concluded that Saldaño was not entitled to habeas relief. Accordingly, the district court's ruling is AFFIRMED.