# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2022

Lyle W. Cayce
Clerk

No. 20-20293

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Ojegba Agbonifo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-462-1

Before Barksdale, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Defendant-Appellant Michael Ojegba Agbonifo of passport fraud and visa fraud. The district court sentenced him to time served and supervised release. On appeal, Agbonifo argues that he was not competent to stand trial or waive his right to counsel and that the district court should have sua sponte held a hearing to confirm his competency before

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20293

trial. Agbonifo also argues that the district court violated his due process rights by ordering that he be forcibly medicated to restore his competency. For the following reasons, we AFFIRM.

## I. Facts & Procedural History

On March 7, 2017, the Government issued a ten-count superseding indictment charging Agbonifo with fraud and identity theft offenses. Before trial, Agbonifo's counsel moved to have a psychiatrist examine him, citing her interactions with Agbonifo and documents that he wrote containing "fantastic ideation." In one document, Agbonifo alleged that (1) the United States Postal Inspector who arrested him had threatened his life, sexually assaulted him, coerced him into giving a statement, forced him to consent to a search, and threatened his family; (2) the Government fabricated the charges against him to cover up the postal inspector's actions; and (3) his previously appointed attorneys were working with the Government. The district court granted counsel's motion.

Dr. Gerald E. Harris examined Agbonifo and concluded that he was not competent to stand trial. In his report, Dr. Harris observed that Agbonifo had an animated affect, pressured speech, shifting moods, and a limited ability to speak rationally or coherently. Dr. Harris also noted Agbonifo's tales of bullets ricocheting off his skin, his allegation that the postal inspector sexually assaulted him, and his belief that his prosecution was a cover-up. Considering Dr. Harris's report, Agbonifo's counsel and the Government jointly moved to hospitalize Agbonifo under 18 U.S.C. § 4241(d) for mental health treatment to restore his competency. The district court granted the motion, without holding a hearing, on April 28, 2017.

On July 6, 2017, Agbonifo was transferred to the United States Medical Center for Federal Prisoners (the "Medical Center"), where Dr. Elizabeth Tyner diagnosed him with "Delusional Disorder, Persecutory

Type." In her report, Dr. Tyner cited Agbonifo's belief that he was the victim of an elaborate conspiracy to cover up the postal inspector's alleged sexual assault. Dr. Tyner noted that, although Agbonifo had "a factual understanding of the nature of the proceeding against him," he was "preoccupied with delusional ideation regarding the conspiracy against him," which "significantly hinder[ed] his rational understanding of his current legal situation and hinder[ed] his ability to assist properly in his defense." The Government moved for Agbonifo to be involuntarily medicated to restore his competency for trial under *United States v. Sell*, 539 U.S. 166 (2003). On July 26, 2018, the district court granted the motion, which Agbonifo's counsel did not oppose, without holding a hearing.

On November 25, 2019, the Medical Center Warden certified that Agbonifo's competency had been restored. Dr. Tyner submitted a report supporting that conclusion. Although Agbonifo retained some delusional thinking, Dr. Tyner opined that it was less intense and that there was "no indication that any residual delusional thinking [that Agbonifo might] currently experience significantly impact[ed] his competency-related abilities." She noted that Agbonifo scored well on a test of his factual and rational understanding of legal proceedings and his ability to assist in his defense, indicated that he trusted and could work with his attorney, recognized that his charged offenses were substantiated, set aside the alleged sexual assault, and described a rational defense strategy. Dr. Tyner stressed, however, that Agbonifo had a chronic and severe mental illness that required continued medication to remain in remission.

Sometime in December 2019, Agbonifo was transferred from the Medical Center to a federal detention center. On December 20, 2019, the district court held a hearing to determine whether Agbonifo had regained competency. Having received no objection from either party, the district

No. 20-20293

court found Agbonifo competent to stand trial. Three days later, Agbonifo sought leave to proceed pro se.

On January 8, 2020, the district court held a hearing, in accordance with *Faretta v. California*, 422 U.S. 806 (1975), to determine whether Agbonifo was knowingly and voluntarily waiving his right to counsel. At the *Faretta* hearing, Agbonifo asserted that he was competent to stand trial. Although his counsel did not object to this assertion, the Government questioned whether Agbonifo was behaving rationally. It noted that if Agbonifo had pleaded guilty, he would likely have already served his time. But instead, Agbonifo faced up to a 32-year sentence. The Government also questioned whether Agbonifo had stopped taking his medication following his release from the Medical Center.

Agbonifo responded that he had been taking his medication and that he hoped to avoid the collateral consequences of pleading guilty. Although Agbonifo told Dr. Tyner that he planned to plead guilty, he explained at the *Faretta* hearing that he had lied so that she would find him competent. Agbonifo also said that he wanted an opportunity to present his case and reasserted that he was the victim of a cover-up. The Government again questioned whether Agbonifo was competent. In response, the district court asked what more he could do to confirm Agbonifo's competency and gave the Government an opportunity to interrogate him. After the Government declined and Agbonifo's lawyer confirmed her client's desire to proceed pro se, the district court found that Agbonifo "was mentally and physically competent to represent himself" and therefore granted his motion. Agbonifo's counsel did not object.

In March 2020, the Government proceeded to trial on only counts nine and ten of the indictment, which charged passport fraud and visa fraud in violation of 18 U.S.C. §§ 1543 and 1546(a), respectively. Proceeding pro

se, Agbonifo could generally answer questions and make arguments regarding his case and reasserted that he was competent to stand trial. He added that he had "never at no point [been] incompetent" and alleged that the Government involuntarily medicated him because he refused to plead guilty. As for his defense theory, Agbonifo argued that the Government fabricated the evidence against him. He reasserted that the prosecution was a cover-up for the postal inspector's alleged sexual assault.

During the trial, Agbonifo admitted that, soon after the *Faretta* hearing, prison officials discovered that he had been refusing his medication since his release from the Medical Center and that he was off his medication at the *Faretta* hearing despite his representation otherwise. Agbonifo complained that after he was transferred to a second federal detention center, the Government resumed involuntarily medicating him. Allegedly, the medication gave him side effects, including a loss of focus, shaking, the growth of breasts, and health problems. At various points, Agbonifo became agitated, prompting the district court to admonish him and prematurely terminate his cross examination.

A jury convicted Agbonifo of both charged offenses. The district court sentenced him to time served and three years of supervised release.[1] Agbonifo sought to have counsel appointed to represent him on appeal. The district court appointed appellate counsel, and Agbonifo timely appealed.

---

[1] Although Agbonifo has already completed his sentence of time-served and is subject to removal from the United States, this does not moot his challenge to his convictions. *See United States v. Flores-Martinez*, 677 F.3d 699, 705 n.3 (5th Cir. 2012). Moreover, he remains subject to a term of supervised release. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340–43 (5th Cir. 2016) (en banc).

No. 20-20293

## II. Discussion

On appeal, Agbonifo argues that he was not competent to stand trial or waive his right to counsel and that the district court should have sua sponte held a hearing to confirm his competency before trial. He also challenges the district court's order requiring that he be forcibly medicated. We address these arguments below.

### A. The District Court's Competency Determination

The Due Process Clause of the Constitution prohibits the conviction of a defendant who is mentally incompetent. *United States v. Flores-Martinez*, 677 F.3d 699, 705 (5th Cir. 2012). "A defendant is competent to stand trial if 'he has the present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceeding[] against him.'" *United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003) (quoting *Dunn v. Johnson*, 162 F.3d 302, 305 (5th Cir. 1998) (alteration in original)). In evaluating a defendant's competency, a district court may consider, among other things, "its own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant." *United States v. Porter*, 907 F.3d 374, 380 (5th Cir. 2018) (quotation omitted).

A criminal defendant also has a constitutional right to defend himself in court. *Faretta*, 422 U.S. at 819. The standard for determining a defendant's competency to stand trial also applies to determine whether he is competent to waive the right to counsel. *Godinez v. Moran*, 509 U.S. 389, 399 (1993). The question of whether a defendant is competent to waive the right to counsel is distinct from whether he can competently represent himself. *Id.* at 399–400. "In addition to determining that a defendant who seeks to . . . waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary." *Id.* at 400.

This court will not reverse the district court's competency determination "unless it is clearly arbitrary or unwarranted—a species of clear error review—but this mixed question of fact and law requires us to re-analyze the facts and take a hard look at the trial judge's ultimate conclusion." *Joseph*, 333 F.3d at 589 (quoting *United States v. Doke*, 171 F.3d 240, 247 (5th Cir. 1999)).

Agbonifo contends that the district court "should have realized" at the *Faretta* hearing that he "no longer possessed the competency necessary to proceed to trial without representation." Conceding that the district court correctly found him competent on December 20, 2019, Agbonifo asserts that he had significantly regressed by the time of the *Faretta* hearing on January 8, 2020. He says that his "strange behavior," "bizarre thoughts," and "far-fetched defense theories," combined with his known history of mental illness, placed the district court on notice that he lacked competency. In response, the Government argues that available medical evidence and Agbonifo's conduct supports the district court's competency determination.

The district court's determination in December 2019 that Agbonifo was competent to stand trial reflected the opinions of the medical providers who had treated him at the Medical Center, defense counsel, and the Government. Less than three weeks later, at the *Faretta* hearing, Agbonifo maintained that he was competent to proceed. Although his consistent denials of having any mental illness undermine his credibility, Agbonifo's counsel did not question her client's competency and confirmed his desire to represent himself. She did not object to the district court's competency determination. The Government, however, twice questioned Agbonifo's competency at the *Faretta* hearing, including asking whether he had stopped taking his medication. In response, the district court confirmed with Agbonifo that he was still taking his medication. Agbonifo's response was inaccurate, but that did not become evident until the trial two months later.

Thus, considering the information before it, the district court's competency determinations were not "clearly arbitrary or unwarranted." *Joseph*, 333 F.3d at 589.

### B. The District Court's Failure to Hold a Competency Hearing

The Due Process Clause also guarantees a criminal defendant "procedures adequate to guard [his] right not to stand trial or suffer conviction while incompetent." *Flores-Martinez*, 677 F.3d at 705–06 (quoting *Holmes v. King*, 709 F.2d 965, 967 (5th Cir. 1983)). Showing a violation of this procedural due process right requires the accused to identify "evidence before the trial court that raised a bona fide doubt about competency." *Id.* at 706 (quoting *Holmes*, 709 F.2d at 967). Moreover, under statute, the trial court must sua sponte conduct a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* (quoting 18 U.S.C. § 4241).

To determine whether bona fide doubt or reasonable cause to conduct a competency hearing existed, this court considers "(1) the existence of a history of irrational behavior, (2) the defendant's demeanor at trial, and (3) [any] prior medical opinion on competency." *United States v. Ruston*, 565 F.3d 892, 902 (5th Cir. 2009) (reasonable cause); *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000) (bona fide doubt). "Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

This court reviews for abuse of discretion a district court's failure to sua sponte hold a competency hearing. *Ruston*, 565 F.3d at 901. We have

recognized that "[t]he district court is in the best position to determine the need for a competency hearing." *Id.* (quoting *United States v. Alden*, 527 F.3d 653, 659 (7th Cir. 2008)). "Whether 'reasonable cause' exists to put the court on notice that the defendant might be mentally incompetent is left to the sound discretion of the district court." *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995) (quotation omitted). If, however, the trial court received evidence that objectively "should have raised a reasonable doubt as to competency, yet failed to make further inquiry, the defendant has been denied a fair trial." *Flores-Martinez*, 677 F.3d at 706 (quoting *Mata*, 210 F.3d at 329).

Agbonifo contends that the district court violated his right to procedural due process when it failed to sua sponte order another competency hearing before his trial in March 2020. He says that his conduct at the *Faretta* hearing and trial sufficiently called into question his competency. The Government counters that the district court was not required to sua sponte hold a hearing on Agbonifo's competency because he was in fact mentally competent during the *Faretta* hearing and throughout his trial. Additionally, the Government argues that Agbonifo's conduct at trial merely demonstrated his inability to competently represent himself, not his lack of mental competency. According to the Government, throughout the trial, Agbonifo "evidenced a rational and factual understanding of the proceedings against him." [2]

We agree with the Government. Agbonifo's conduct at trial suggested that his mental illness was no longer in remission, but "the presence or absence of mental illness or brain disorder is not dispositive" of competency.

---

[2] The Government also dismisses Agbonifo's tangents about the alleged conspiracy to cover up a sexual assault as a "disagreement with the court."

*United States v. Mitchell*, 709 F.3d 436, 440 (5th Cir. 2013) (quoting *Mata*, 210 F.3d at 329 n.2). Here, the district court "was well aware of [Agbonifo's] tumultuous past" because the same judge had "presided over [his] numerous related appearances and hearings." *Id.* at 441. Although Agbonifo's demeanor at trial was concerning, his testimony and interactions with the jury, prosecution, and judge nonetheless "illustrated his basic awareness and understanding of the proceedings." *Id.* In other words, "[h]is behavior indicated a man with mental health issues, but he did not show a total lack of understanding." *Id.* Finally, Agbonifo's mental health providers had declared him competent only a few months before his trial, rendering inapposite cases refusing to rely on significantly outdated medical opinions. *See Ruston*, 565 F.3d at 903 (refusing to rely on a six-month-old competency finding); *Mitchell*, 709 F.3d at 441 n.8 (noting that "reports almost fifteen years old have little or no relevance in this inquiry"). Accordingly, the district court did not abuse its discretion by failing to sua sponte hold a hearing to determine Agbonifo's competency.

### C. Involuntary Medication

In a pro se supplemental brief, Agbonifo argues that the district court violated his due process rights by ordering that he be forcibly medicated to restore his competency to stand trial. He contends that his case did not meet the constitutional requirements for forced medication. Allegedly, Agbonifo's medication caused side effects, including an inability to focus, that undermined his self-representation and therefore deprived him of a fair trial.

Before reaching the merits, we consider whether Agbonifo's pro se supplemental brief is appropriately before the court. Agbonifo, through counsel, sought leave to file a pro se supplemental brief before the Government filed its brief. Although Agbonifo's counsel had already filed a competent brief on his behalf, this court granted the motion and denied the

No. 20-20293

Government's request for reconsideration of that decision. The Government maintains that this court should not consider Agbonifo's pro se supplemental brief because defendants are not entitled to hybrid representation.

A criminal defendant has "no constitutional right to hybrid representation," partly by counsel and partly by himself. *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996). If a defendant accepts the assistance of counsel on appeal, he cannot expect to be permitted to file a supplemental pro se brief. *Id.* This court's rules confirm that "[u]nless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel." 5th CIR. R. 28.6. Moreover, "[a] defendant abandons issues raised in a supplemental brief when not raised and argued in the original brief." *United States v. Moore*, 452 F.3d 382, 391 (5th Cir. 2006) (citing *United States v. Bullock*, 71 F.3d 171, 178–79 (5th Cir. 1995)). We have applied this rule even after granting leave to file a pro se supplemental brief, at least when "deeming [the] issues waived" would do the defendant "no injustice." *Bullock*, 71 F.3d at 179–78. We do so again here.

## III. Conclusion

For the foregoing reasons, we AFFIRM Agbonifo's convictions and sentence.